ERNST *v.* CUMMINGS ET AL.

CONTRACT — BOND — FINDINGS.— The defendants, (one as principal, and the other as surety) executed a bond to the plaintiff, conditioned for the performance of a building contract, by the terms of which, the principal agreed to perform the labor and furnish the materials for the construction of the building, and further agreed that no liens by mechanics, material-men, or laborers, should be filed against it; and the plaintiff agreed to pay seventy-five per cent. of the contract price during the progress of the building, upon certificates of the architect, and the balance upon its completion. In an action upon the bond, it appeared that liens were filed upon the building by material-men, and that suits were brought and judgments recovered against the plaintiff and contractor for their foreclosure ; that plaintiff had paid all of the contract price but $750, which had not become due at the time of the filing of the liens, and that he paid this balance, and $594 in addition, upon the judgments; and the complaint alleged, and the answer denied, that the surety (defendant) had seasonable notice of the pendency of the foreclosure suits, and that they were properly defended by the plaintiff; but the Court failed to find upon these allegations. *Held,* that the issues were material, and should have been passed upon.

ID. — DEPENDENT PROMISES.— *Held further,* that the promise of the contractor to protect the building from liens, and the promise of the plaintiff to pay, were mutual and dependent, and that the plaintiff was authorized to retain the $750 to meet the liens.

ID.— ID.— Where mutual promises go to the whole considerations on both sides they are concurrent and dependent, and neither party can claim performance, without performance on his part.

APPEAL from a judgment for the defendants, and from an order refusing a new trial, in the Seventeenth District Court, County of Los Angeles.      SEPULVEDA, J.

The findings referred to in the opinion are as follow :

" 3rd. That the defendant Chisholm did, before the 1st day of September, 1877, furnish the materials, erect, furnish, and turn over to the plaintiff, the building provided for in said contract, ' Exhibit A,' and did in every particular perform and discharge

each and singular the obligations by him assumed in said contract. ,

"4th. That the plaintiff did not make the payments as agreed upon in said contract 'A,' to defendant Chisholm, during the progress of, or at the completion of said work, and that he owed the defendant Chisholm, (the contractor) at the time of the filing of the liens mentioned in the complaint, and at the completion of said contract by Chisholm, the sum of about $750."

The other facts are stated in the opinion.

*Bicknell & White,* for Appellants.

The findings are unsupported by the evidence. The agreement referred to provided that no liens should be filed on the building; that Chisholm should furnish all the materials; and that Ernst should not be responsible therefor. The evidence was, that he failed to furnish the materials, that liens were filed therefor, and that Ernst was compelled to satisfy the judgments.

The Court failed to find upon material issues. (*Watson* v. *Cornell,* 52 Cal. 91; *Le Clert* v. *Oullahan,* id. 252; *Swift* v. *Canavan,* id. 417; *Glascock* v. *Ashman,* id. 420; *Phipps* v. *Harlan,* 53 id. 87; *Baggs* v. *Smith,* id. 88; *Johnson* v. *Squires,* id. 37.)

*Eastman & King,* for Respondents.

No recovery can be had against respondents, because it is shown that there was a failure upon the part of Ernst to perform his contract, and that Chisholm fully performed.

McKINSTRY, J.:

This action is to recover the sum of $594.75 upon a bond attached to a building contract. The obligation reads as follows:

" Know all men by these presents, that I, Colin Chisholm, as principal, and George Cummings, as surety, all of the City and County of Los Angeles, State of California, are held and firmly bound into H. Ernst, of the same place, in the sum of $1,500, gold coin of the United States of America, to be paid to the said

II. Ernst, his executors, administrators, and assigns ; for which payment well and truly to be made we bind ourselves, our and each of our heirs, executors, and administrators, jointly and severally, firmly by these presents.

" Sealed with our seals and dated the 31st day of May, 1877.

"The condition of the above obligation is such, that whereas the above bounden Colin Chisholm has entered into a certain contract with the said H. Ernst to do the carpenter-work, brick-work, plastering, painting, stairs, graining, glazing, plumbing, gas-work, and all the work, and furnish the materials therefor, upon a certain building to be erected on the south-west side of Temple Street, in said city and county, to be known as the Ernst residence, according to the plans and specifications made by Charles W. Davis, architect of said building, and to which specifications and said contract, the latter of which bears even date herewith, reference is hereby made and the same are a part hereof, for all purpose expressive of these contracts and tenor.

" Now, if the above bounden Colin Chisholm shall well and truly perform all the obligations in said contract by him to be performed according to the express terms, meaning, and effect thereof, and furnish the materials and perform the work at the times and in the manner therein stated, then the above obligation to be void, otherwise to remain in full force and virtue.

" COLIN CHISHOLM,      [Seal.]<br>" GEO. CUMMINGS,      [Seal.]

" Signed, sealed, and delivered in the presence of Charles W. Davis.

" Indorsed : Bond."

The portions of the contract between plaintiff and Chisholm which are necessary to be considered are : "And the said party of the first part does hereby for himself, his heirs, executors, and administrators, covenant, promise, and agree with and to the said party of the second part, his executors and administrators, that he, the said party of the first part, his executors or administrators, shall and will, in consideration of the covenants and agreements being strictly performed and kept by the said party of the second part, as specified, well and truly pay, or cause to be paid, unto the party of the second part, his executors, administrators, or assigns, the said sum of $2,650 gold coin of the United States

of America, in the manner following: that is to say, seventy-five per cent. of said sum of $2,650 as the said work shall progress, and in a sum proportionate to the value of the work done from time to time by said second party, and the balance of said sum of $2,650 when the said building herein referred to is complete and ended.

"Provided, that in each of the said cases a certificate be obtained and signed by the said Chas. W. Davis, that he has done his work, so far as done, to his satisfaction; and also a statement of the value of the work so done by him; and it is hereby further agreed by said second party, that *no liens* by mechanics, material-men, or laborers shall be filed against said building, and they hereby waive any right to any mechanic's lien."

The complaint alleges that before the completion of the building, and after defendant Chisholm commenced to erect the same, materials were furnished by certain persons named, to said Chisholm as such contractor, to be used in and which were used in the construction; that each within the statutory time filed his claim of lien against the building, and also filed his complaint in the District Court against the plaintiff, and that summons and complaint were duly served on plaintiff in each action thus commenced. Further, that the present plaintiff in due time filed and served his answer as defendant in each of said actions, and that said actions were consolidated and tried in the District Court together; that within a reasonable time prior to the trial of the consolidated actions the present plaintiff notified defendant Cummings of the pendency and character of the same, and that he failed to appear and defend the actions. That the plaintiff employed eminent counsel to defend said suits, and tendered in court $750, the balance due upon the building contract. The complaint also alleges that the cause came on to be tried, and such proceedings were had that the Court entered its decree and gave judgment in favor of each of the material-men, in a sum named as to each, and after the application of $750 so tendered as aforesaid, there remained a balance of $594.75 still due and unpaid in the aggregate, and constituting a lien on plaintiff's property; that plaintiff here, (defendant in said consolidated actions) in order to save his property from said lien and judgment, and while the judgment was in full force, paid the said sum of $594.75, etc.

The defendants, in their answer, deny that the plaintiff properly defended the actions brought to foreclose the liens of the material-men, and also deny that they had any notice of the pendency of those actions. These denials of allegations in the complaint constitute issues upon which the Court below did not find. The issues were material, and should have been passed upon.

There is another reason why the judgment in favor of the defendants and the order denying the motion for a new trial cannot be permitted to stand. Assuming that the third, fourth, or any other of the findings, can be so construed as to include a finding that plaintiff had not paid any portion of the seventy-five per centum of the contract price (properly payable) when the liens were filed, there is no evidence in the record to sustain a finding to that effect. A reference to the building contract will show that plaintiff was to pay any portion of the seventy-five per cent. only in case of presentation of the architect's certificate, and there is no evidence tending to prove that, prior to the filing of the liens, any certificate was presented calling for more money than was actually paid. The case clearly shows that when the liens were filed, defendant Chisholm had not placed himself in such a position as that any more money was due to him than he had already received. Defendant Chisholm testified: "Ernst (plaintiff) failed to make the last payment of $750, *which fell due upon the completion of his house.*" * * * " At the *completion* of the contract he owed me $750." And on cross-examination: "Ernst and I never had any disagreement about the $750 before the liens were filed." And plaintiff, also, as a witness: "Chisholm never demanded the last installment under the contract, which amounted to $750."

The evidence clearly shows that there was nothing due from the plaintiff Chisholm, when the liens were filed, but that subsequently, and on the completion of the building, $750 would have become due if the liens had not been filed.

The question, whether acts stipulated for are such as that the performance of them is a condition precedent to the right to enforce performance by the other party to a contract, is to be solved, not by any technical rules, but by ascertaining, if possible, the intention of the parties. When a covenant or promise goes only to a *part* of the consideration, and a breach thereof

may be paid for in damages, it is an independent covenant or promise, and an action may be brought for a breach of it without averring performance. But when the mutual promises or covenants go to the whole considerations on both sides, they are mutual (and dependent) conditions, and performance must be averred. " The intention of the parties is to be discovered rather from *the order of time* in which the acts are to be done, than from the structure of the instrument, or the arrangement of the covenants." (See note to *Cutter* v. *Powell*, 2 Smith's Leading Cases, 1.)

Applying these rules to an analysis of the building contract: It was the duty of the plaintiff to pay seventy-five per centum—that is, $1,987.50—of the sum of $2,650, as the work progressed, and in sums proportionate to the value of the work done from time to time, provided that in each case a certificate signed by Davis, the architect, should be presented, showing that the work had been done so far to his satisfaction, and the *value* of such work. In other words, whenever the builder produced the architect's certificate that work not already paid for had been properly done; and the value thereof, it was the duty of plaintiff to pay for such work, provided he should not be called on to pay more than seventy-five per cent. of the whole contract price. Defendant Chisholm promised to protect the property from liens if plaintiff should pay as he had agreed, and plaintiff promised to pay as hereinbefore set forth if defendant should prevent liens from being filed. Plaintiff was not bound to pay any portion of the contract price, which, according to the terms of the contract, had not become due when the liens were filed, but was fully authorized to retain such portion to meet the liens. It cannot be presumed that it was intended that plaintiff should pay the full contract price, and also the amount of liens which Chisholm should permit to be filed in violation of his covenants. The promises of the parties were dependent one upon the other, and were to be performed in the order of time in which performance was contemplated by their agreement.

Judgment and order reversed, and cause remanded for a new trial.

Ross, J., and McKee, J., concurred.