[No. 12339.  Department One. —December 28, 1889.]

| 82  199
d113 478

# HERMAN BENDEL, RESPONDENT, *v.* CRYSTAL ICE COMPANY ET AL., APPELLANTS.

PLEDGE — CHATTEL MORTGAGE — SALE UNDER POWER — AUCTION — NOTICE OF SALE. — The sale by a pledgee of property pledged must be made by public auction, in the manner and upon notice to the public usual at the place of sale in respect to auction sales of similar property, and must be for the highest obtainable price. A sale of personal property secured by chattel mortgage under a power to sell under "proceedings had and taken as in case of pledges, without any previous demand for performance or notice of time and place of sale, the said mortgagor having waived demand and notice," and consented that "at any such sale the mortgagee may become a purchaser," must comply with the statutory requirements as to notice to the public of an auction sale, and as to securing the highest obtainable price. Where it appears that notices of auction sales of similar property were never for less than five days, and were usually from ten to twenty days, and that the property sold was of such a kind that but few persons would be likely to purchase it, and was purchased by the mortgagee for about one fifth of its actual value at an auction sale upon notice given for two days only, the notice not specifying that the property to be sold was covered by a mortgage, or was to be sold to satisfy any mortgage, the sale is invalid as against a junior mortgagee of the same property.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*Byrne & Cross,* and *Russell J. Wilson,* for Appellants.

*J. P. Langhorne,* for Respondent.

WORKS, J. — The Crystal Ice Company executed a chattel mortgage to one Wainwright to secure the payment of a promissory note, and a subsequent mortgage, on the same property, for a like purpose, to the respondent. The mortgage to Wainwright contained the following clause: "And in case default shall be made in the payment of said note, or of the interest thereon, when

due, or any part thereof, according to its terms, or in case default be made in the performance of any of the covenants thereof, then the said mortgagee is hereby empowered to proceed to sell the above mortgaged property, either by proceedings of foreclosure, as provided by the Code of Civil Procedure, or by a sale of the mortgaged property, and proceedings had and taken as in case of pledges, without any previous demand for the performance or notice of time and place of sale, the said mortgagor having waived demand and notice, and at any such sale the mortgagee may become the purchaser, if he so desire, either directly or indirectly."

Default was made in the payment of the note, and Wainwright, acting under the authority above quoted, sold the property, and after several transfers, the same was purchased by the appellant Pauson.

The respondent brought this action against the ice company and Pauson to foreclose his junior mortgage.

The ice company made default. There was a trial as to the defendant Pauson, and judgment rendered foreclosing the mortgage as against him. He moved for a new trial, which was denied, and he appeals.

The only question worthy of consideration presented on this appeal is as to the validity of the sale by Wainwright under his mortgage.

The code provides: "The sale by a pledgee of property pledged must be made by public auction, in the manner and upon notice to the public usual at the place of sale in respect to auction sales of similar property, and must be for the highest obtainable price." (Civ. Code, sec. 3005.)

There are other sections requiring that the pledgee demand performance from the debtor, if he can be found, and that he give such pledgor actual notice of the time and place at which the property pledged will be sold, at such reasonable time before the sale as will enable the pledgor to attend. (Civ. Code, secs. 3001, 3002.) But

these last requirements may be waived by the pledgor. (Civ. Code, secs. 3003, 3004.)

It will be observed that by the clause in the mortgage above set out the property might be sold as provided by the sections above quoted, except that a demand of performance and notice to the pledgor were waived, and it was provided that the pledgee might become the purchaser at the sale. Therefore, the question is, whether the statutory requirements not waived were so far complied with as to render the sale valid as against a junior mortgagee.

The court below found against the appellant on this point. The finding is as follows: That said sale was made at San Francisco on October 24, 1884, but the same was not made or conducted in the manner prescribed by law for the sale of pledged property at public auction, nor in the manner nor upon the notice to the public usual at said city and county of San Francisco, the place of sale of similar property, nor for the highest obtainable price."

It is claimed by the appellant that this finding was not sustained by the evidence. The requirements of the statute, that the sale must be made " in the manner and upon the notice to the public usual at the place of sale in respect to auction sales of similar property, and must be for the highest obtainable price," were not waived.

It appears, from the evidence, that the property was of such a kind that but few persons would be likely to want to purchase it, and that it was of the value of from five thousand to six thousand dollars. The notice given was for *two days*, and did not show that the property was to be sold for the satisfaction of the Wainwright mortgage, or any other mortgage. There was nothing in the notice to call to the attention of the respondent, who was an interested party, or to any one else, that the property to be sold was the property covered by these mortgages, except the description of the property. The

property was bought in by the mortgagee at one thousand dollars, which was not more, and was probably less, than one fifth of its actual value.

The evidence showed beyond controversy that the notice as to time was not such as was "usual at the place of sale in respect to auction sales of similar property."

The undisputed evidence was, that notices of such sales were never for less than five days, and the great weight of the evidence was that the usual notices of like sales were from ten to twenty days.·

We think that the finding that this sale was not made in conformity to the statute was sustained by the evidence, and that the judgment was right.

Judgment and order affirmed.

Fox, J., and BEATTY, C. J., concurred