[Civ. No. 3618.   Third Appellate District.—May 14, 1930.]

GEORGE H. STARR, Respondent, v. C. J. DAVIS, Appellant.

Samuel V. Cornell for Appellant.

W. Coburn Cook for Respondent.

PARKER, J., *pro tem.*—Plaintiff sued to recover a balance due upon a promissory note executed and delivered by defendant. Defendant, answering, admitted the execution of the note and the nonpayment of the balance sued for. Defendant alleged, however, that the consideration for the note arose out of a certain transaction involving the sale to him by plaintiff of a retail florist business in the city of Turlock. Defendant then further alleged that in the sale aforesaid plaintiff had, by written agreement, bound himself to refrain from engaging in any similar business within the city of Turlock, for a specified period ending in August, 1927, and that plaintiff had violated the terms of said agreement, to the damage of defendant. By cross-complaint defendant further sought recovery of the amount of damage accruing from the said violation of the agreement to refrain from such business. By stipulation of counsel, plaintiff was then permitted to amend his complaint by adding thereto another cause of action, wherein plaintiff sought to have the agreement of sale reformed in certain particulars. In this connection plaintiff averred that at the time of the sale he had obligated himself by an advertising contract with the Society of American Florists and Ornamental Horticulturists, which contract called for the payment by plaintiff of certain installments running into a period subsequent to the date of sale. He alleges that this was explained to defendant at the time of sale and before, and thoroughly understood by all parties, defendant having been formerly in the same line of retailing flowers. That it was mutually agreed that this liability of plaintiff should be assumed by defendant, but that in the preparation of the contract, by mutual mistake, the name of the advertising company was therein inserted as "Florists Telegraph Delivery Association," a concern with whom the plaintiff had no outstanding liabilities or contract. Plaintiff asked the reformation of the agreement and prayed that when so reformed he have judgment against defendant for the moneys paid on the advertising contract by plaintiff for the use and benefit of defendant.

By further pleading defendant set up that the agreement of plaintiff to refrain from entering into a similar business

in the territory named was a component and indivisible part of the agreement of sale, and that upon a violation of that covenant the entire agreement fell, and defendant was under no liability on the note sued upon. After trial of the issues thus raised, the trial court determined that the original agreement should be reformed as prayed by plaintiff, and that in addition to the balance found due on the note, plaintiff was entitled to recover the amount expended for the benefit of defendant under the advertising contract assumed by defendant. As a set-off the court allowed defendant the sum of $400 as damages resulting to defendant from plaintiff's covenant to refrain from competition. Injunctive relief against a further violation by plaintiff was out of the case by reason of the fact that the time limit restricting plaintiff had expired. Judgment was entered accordingly and defendant appeals.

■ Appellant's first contention is that upon proof of the violation by plaintiff of the covenant to refrain from competition, the liability of defendant upon the note then and there ceased. Appellant's theory is that the agreement of sale and the note given as the balance of the purchase price was a single and inseparable transaction, and that they were mutual, dependent covenants, forming one contract, the consideration of which went to the whole thereof, and the breach of the material covenant by plaintiff in hindering the goodwill of the business bought, was such a failure of consideration as to excuse the performance of payment of the note by appellant. Appellant contents himself with the bare statement of his contention without citation of applicable authority, but when he comes to another point concerning the relationship of the covenant to assume the advertising contract, he then cites general principles that he contends should control, and then argues both ways. It is our holding that this contention is not well grounded.

Taking up the contention of appellant at the outset, in a broad general way, the effect of upholding it would be to say that as a penalty for plaintiff's breach, defendant might keep the business without paying therefor. In other words, that if "A" purchased a business from "B," agreeing to pay therefor $10,000, and paying at the time of agreement merely $100 with promissory notes for the balance, and "B" had agreed not to carry on a similar business within

legally permissible limits, then upon "B's" slightest breach of this covenant "A" should retain the business and be absolved from the obligation evidenced by the notes. Such is not the law.

While this mere declaration suffices the needs hereof, yet in our own jurisdiction is abundant authority sustaining the conclusion, and but a few citations need be given. In *Ernst* v. *Cummings*, 55 Cal. 179–184, we find the following: "The question, whether acts stipulated for are such as that the performance of them is a condition precedent to the right to enforce performance by the other party to a contract, is to be solved, not by any technical rules, but by ascertaining, if possible, the intention of the parties. When a covenant or promise goes only to a part of the consideration, and a breach thereof may be paid for in damages, it is an independent covenant or promise. . . . The intention of the parties is to be discovered rather from the order of time in which the acts are to be done, than from the structure of the instrument or the arrangement of the covenants." In *Fresno Canal Co.* v. *Perrin*, 170 Cal. 416 [149 Pac. 805, 807], the court says: "Where the covenants of the respective parties are to be performed at different times, they are said to be independent." Also, in *Front St. M. & O. R. R. Co.* v. *Butler*, 50 Cal. 574, it is said: "The payment of money cannot be made dependent on the performance by the other party of a condition which, by the very terms of the contract, is not to be performed, or may not be performed until after the date at which the money is to be paid. Courts are disinclined, as was observed by the Court of Appeals of New York ([*Tipton* v. *Feitner*] 20 N. Y. 432), to construe the stipulations of a contract as conditions precedent, unless compelled by the language of the contract plainly expressed. The reason of this disinclination is that such a construction prevents the court from dealing out justice to the parties according to the equities of the case."

Applying the law of the cited cases, it must be manifest that it would be only through a process of forced reasoning and strained conclusions that it could be said that a promise to pay money in one year from date should be concurrent with a covenant to refrain from competitive business for a period of two years. Such a holding would entirely nul-

lify the note and contradict its terms, inasmuch as the promise to pay in one year would mean that such payment was not due until the expiration of the two-year period of restraint. If the principle contended for by appellant were sound, it might and could result in a situation where a purchaser on deferred payments would receive a large business with the profits of years as a penalty, from a violation of such a covenant which actually damaged him in the amount of $100. By the same reasoning, it might easily happen that the buyer, prior to the due date of the note, might sell the business at a profit and retain the fruits of the sale, and then resist payment of the note on the same defense as here presented.

It is our view that where, as here, law, justice and common sense combine to combat appellant's argument, no fanciful or imaginary theories can prevail. We might add, however, that we are not dealing with a case of attempted rescission; nor is there any question of fraud or misrepresentation involved in this issue.

As to appellant's second ground of appeal, a mere recital of the facts is almost sufficient. At the time of the transaction under discussion defendant was employed by plaintiff. Defendant was experienced as a florist and a retailer of flowers, he having formerly been engaged in the business on his own account. When the details of the proposed trade were being discussed, the subject of outstanding advertising contracts was brought up. Defendant was informed over and over that there was an outstanding contract obligating plaintiff in the sum of $360, accruing at stated periods in the future. It was definitely determined, understood and agreed that unless defendant accepted this obligation there would be no deal. Then, when it came to inserting this provision in the contract, plaintiff mistakenly insisted that the contract was with the Florists Telegraph Delivery, when as a matter of fact it was with the Ornamental Florists etc. organization. There were several discussions on this matter; defendant always insisting that he thoroughly understood the nature of the Telegraph Delivery concern, and that he knew that the contract was not with such company. Finally, defendant, knowing what he did, consented that the Telegraph Delivery be inserted as the name of the advertising concern, assured that such an insertion was meaningless.

Mindful of the fact that defendant did agree to accept the obligations of the advertising contract, with knowledge of its terms and amount, it follows that the name of the creditor was but an incident. Plaintiff's right to reformation is apparent from a mere reading of the code section. Civil Code, section 3399, reads: "When, through fraud or mutual mistake of the parties, or a mistake of one party, which the other at the time knew or suspected, a written contract does not truly express the intention of the parties, it may be revised on the application of a party aggrieved, so as to express that intention, so far as it can be done without prejudice to rights acquired by third persons, in good faith and for value." This section has been frequently construed. (*Schirmer* v. *Union Brewing & M. Co.*, 26 Cal. App. 169 [146 Pac. 194]; *Higgins* v. *Parsons*, 65 Cal. 280 [3 Pac. 881]; *Merkle* v. *Merkle*, 85 Cal. App. 87–105 [258 Pac. 969]; *Dunham* v. *McDonald*, 34 Cal. App. 744–747 [168 Pac. 1063]; *Los Angeles & Redondo R. Co.* v. *New Liverpool Salt Co.*, 150 Cal. 21 [87 Pac. 1029].)

The judgment is affirmed.

Thompson (R. L.), J., and Plummer, Acting P. J., concurred.