[Civ. No. 252.  Fourth Appellate District.—July 7, 1930.]

CLYDE E. METHENY, Appellant, v. G. M. DAVIS et al., Respondents.

Benjamin Franklin Tyler and J. Clyde Hizar for Appellant.

Herman Allen and Jos. H. Egermayer for Respondents.

CARY, P. J.—The proceeds from a sale of personal property mortgaged to secure the payment of a promissory note not being sufficient to pay the mortgage debt in full, this action was brought to recover the balance.

Defendants executed to plaintiff's assignor the note in question payable in installments and secured by a chattel mortgage on furniture. The mortgage contained the following provision:

"That if the mortgagor shall fail to make any payment as in said promissory note provided, then the mortgagee may take possession of the said property, using all necessary force so to do, and may immediately proceed to sell the same, in the manner provided by law, and from the proceeds pay the whole amount in said note, and all costs of sale, including counsel fees not exceeding —— per cent, upon the amount due, paying the overplus to the said mortgagor, all of said costs including said counsel fees hereby secured."

An installment having become past due, plaintiff took possession of the property, removed it from the apartment house in which it was then located and took it to an auctioneer who, under plaintiff's directions, sold the property at auction. The court found (1) that no lawful demand for the payment of the indebtedness was ever made on the defendants prior to the sale, (2) that no lawful notice of such sale was given either to the defendants or to the public, (3) that no lawful sale was ever made of said property, and (4) that the security was not destroyed and did not become valueless without the act or fault of the mortgagee, but that the exhaustion of the security for said debt resulted from the acts of the mortgagee in not making a lawful sale. From these findings the court concluded that plaintiff was not entitled to recover and gave judgment for defendants.

The case comes up on the judgment-roll alone and the correctness of this conclusion is the sole point to be determined.

Does the fact that plaintiff in selling the mortgaged property failed to follow the provisions of the law in reference thereto result in the mortgagee losing his right to maintain an action against the mortgagors for the deficiency? As shown by the note in 47 A. L. R. 582, the decisions of the various states are not uniform upon the question. New York and Indiana hold that an invalid sale does not destroy the mortgagee's right to thereafter bring an action against the mortgagor for the deficiency. In these states it may be noted that the effect of the execution of a chattel mortgage is to give to the mortgagee not merely a lien on the mortgaged property but rather the legal title, subject to the mortgagor's equity of redemption. Cases from these jurisdictions hold that after an invalid sale by the mortgagee the only relief the mortgagor is entitled to is to have credited upon his note the fair value of the mortgaged property.

In our state, however, the effect of the execution of a mortgage is merely to give the mortgagee a lien on the property, the legal title remaining in the mortgagor. As said in *Sherlock* v. *Alturas State Bank,* 73 Cal. App. 391, at 398 [238 Pac. 816, 818]: "The law is well settled that a power of sale, if given in a chattel mortgage, must be exercised in accordance with the provisions thereof."

Where a mortgagee takes possession of the mortgaged property and sells it to a third person without following either the method of sale prescribed by the law or the mortgage it amounts to a conversion of the property by the mortgagee resulting in the extinguishment of the mortgage lien as stated in *Blodgett* v. *Rheinschild,* 56 Cal. App. 728, at 738 [206 Pac. 674, 678], where we find the following:

"Moreover, according to the findings of the trial court plaintiff converted the property to his own use during the pendency of the action, thus extinguishing his lien and any right to possession. It is expressly found by the lower court that on March 20, 1920, and while the automobile was in plaintiff's possession, he delivered it to a third party under a conditional sale contract, and that such third party is now in possession under that contract. This disposition

of the automobile under a private sale thereof was an unlawful assumption of dominion over the property in defiance of defendant's rights, made at a time when, if plaintiff had any right whatever to possession, it was for the purpose, and only for the purpose, of increasing its security. Such unlawful assumption of dominion amounted to a wrongful conversion of the property, inconsistent with the continued existence of plaintiff's mortgage lien, and effected an extinguishment thereof. (Civ. Code, sec. 2910; *Everett* v. *Buchanan,* 2 Dak. 249 [6 N. W. 439, 8 N. W. 31]; *Loughborough* v. *McNevin,* 74 Cal. 255 [5 Am. St. Rep. 435, 14 Pac. 369, 15 Pac. 773].)''

The provisions of the Idaho Codes with reference to the foreclosure of chattel mortgages were copied from California. In *Rein* v. *Callaway,* 7 Idaho, 634 [65 Pac. 63], the Supreme Court of that state had under consideration an action brought to recover a deficiency due after a sale of mortgaged chattels. The mortgagee took possession of the property and sold without giving the notice provided by law. The court concluded that the mortgagee could not maintain any action for a deficiency giving as its reason at (65 Pac.) page 64:

''As the mortgagee by his own illegal act has deprived himself of his security, he cannot maintain his action upon the note.''

In *First Nat. Bank* v. *Poling,* 42 Idaho, 636 [248 Pac. 19, 21], the same court remarked:

''The provisions of law relative to the summary foreclosure of chattel mortgages must be strictly followed. If there is a deviation therefrom, and the property is sold by, or through, the acts or procurement of the mortgagee, without such compliance with the statutes, he cannot thereafter maintain any action to collect the deficiency.''

In *Bendel* v. *Crystal Ice Co.,* 82 Cal. 199 [22 Pac. 1112], the plaintiff was a junior mortgagee. The holder of the senior mortgage sold the property to himself, but did not follow strictly the requirements set forth in the mortgage. The court held that as the sale was not conducted in accordance with these requirements the junior mortgagee was entitled to foreclose the mortgage as against the senior mortgagee.

In *J. I. Case Threshing Mach. Co.* v. *Copren Bros.*, 32 Cal. App. 194 [162 Pac. 647, 650], the matter before the court was the right of the plaintiff to bring action for a deficiency after a sale had been made under the power given in the mortgage. One of the questions before the trial court was whether that power of sale had been properly exercised. The defendants requested the court to give to the jury the following instruction:

"The court instructs the jury that if you believe from the evidence that the plaintiff elected to sell said engine at public auction at the time and place mentioned in the notices of sale posted by it, but did not so make said sale at public auction, then your verdict should be that the plaintiff is not entitled to recover in this action."

The court refused to give the instruction, and this was assigned as error. In considering this proposed instruction the court held its refusal to be error stating at (32 Cal. App., *supra*) page 202:

"It goes to the foundation of the action and involves the question, Did the plaintiff at the time it brought this suit have any cause of action against the defendants for a personal judgment? It did if the property had been sold under the terms of the mortgage. If it had not been thus sold it did not, and this was a question for the jury to decide. Without first making a sale, the law would not permit plaintiff to give defendants credit for some amount, any amount it saw fit, and then bring suit for a personal judgment."

In *Hibernia Sav. & L. Soc.* v. *Thornton*, 109 Cal. 427 [50 Am. St. Rep. 52, 42 Pac. 447], a husband and wife executed a mortgage on real estate on which they had previously executed a declaration of homestead. The wife died and the holder of the note did not present any claim against her estate on the note and mortgage. In the estate proceedings the mortgaged premises were set aside to the husband. Thereafter action was brought against the husband alone to recover judgment on the note without reference to the mortgage. The court said at (109 Cal.) page 429: "but when the mortgagee, by his own act or neglect, deprives himself of the right to foreclose the mortgage, he at the same time deprives himself of the right to an action upon the note. He will not be permitted without the consent of the mort-

gagor to release the mortgage for the purpose of bringing an action upon the note. 'He is not authorized to waive the security and bring an action on the indebtedness' (*Barbieri* v. *Ramelli*, [84 Cal. 154 (23 Pac. 1086)] *supra*); and whether he release the security by some affirmative act or by his neglect is immaterial.''

Applying the principles laid down in the foregoing cases to the facts in the case at bar, plaintiff by disposing of the property without following the requirements of the mortgage thereby extinguished the lien of the mortgage. (*Blodgett* v. *Rheinschild, supra*.) This being true, the rule laid down in *Hibernia Sav. & L. Soc.* v. *Thornton, supra*— that where the mortgagee by his own act or neglect deprives himself of the right to foreclose the mortgage he at the same time deprives himself of the right of action on the note—applies. It follows that under the facts as found by the trial court the conclusion that the plaintiff could not recover was correct.

The judgment is affirmed.

Barnard, J., and Ames, J., *pro tem.*, concurred.