COUGHLIN, J.
 

 The plaintiff sold and delivered a portable drilling rig to defendant and in payment received a promissory note secured by a chattel mortgage on the rig.
 

 Eventually plaintiff took possession of the drilling rig; transported it to Denver, Colorado; sold it; applied the proceeds to the payment of the promissory note, after deducting expenses for transportation, upkeep and sale; and brought this action to recover the unpaid balance due under the note.
 

 Plaintiff’s complaint alleged a cause of action for recovery on the promissory note but made no mention of the chattel mortgage. Defendant’s answer denied that any amount was unpaid under the note; set forth several separate defenses; but made no mention of the chattel mortgage.
 

 Preliminary to a pretrial conference both parties submitted pretrial statements in which the execution of the note and the chattel mortgage were admitted. These pretrial statements set forth the issues as raised by the complaint and answer. The pretrial order did not specifically define the issues except to state that the parties “have filed statements in amplification of the pleadings which are referred to for further particulars.”
 

 At the trial, after plaintiff had presented its case the defendant moved for a nonsuit. The evidence showed that the promissory note was secured by a chattel mortgage on the drilling rig; that plaintiff had repossessed the rig and sold it without giving notice as required by the Civil Code, i.e., Civil Code, sections 2967 and 2986 to 3011, and had applied the proceeds of the sale as heretofore noted. The defendant contended that plaintiff’s failure to comply with the aforementioned Civil
 
 *206
 
 Code sections deprived it of the right to sue for a deficiency, citing the case of
 
 Metheny
 
 v.
 
 Davis,
 
 107 Cal.App. 137 [290 P. 91] in support of his position. The plaintiff claimed that it was not suing for a deficiency; that the drilling rig was sold and the proceeds therefrom applied as heretofore indicated pursuant to an independent agreement between all parties; that the plaintiff’s cause of action was for the unpaid balance on the promissory note.
 

 Contemporaneously, the defendant moved for permission to amend its answer to conform to the proof by adding a defense which would set forth the failure of the plaintiff to comply with the law regarding the repossession and sale of mortgaged chattels. The plaintiff objected to the granting of this motion upon the ground that the issues had been settled at the pretrial conference and no variance therefrom could be made at this stage of the proceedings.
 

 The court denied the motion for nonsuit and granted the motion to amend.
 

 Thereupon further evidence was introduced; the matter was submitted and the court entered judgment in favor of the defendant, finding, among other things, that the plaintiff had repossessed the drilling rig and failed to comply with the provisions of the Civil Code respecting the sale of property subject to a chattel mortgage.
 

 The plaintiff appeals from this judgment and seeks reversal upon the ground that the court had no authority to permit the defendant to file his amendment to the answer; that the issues as determined by the pretrial conference order were final. This contention is based upon plaintiff’s interpretation of the effect of rule 8.8 of Rules for the Superior Courts Relating to Pretrial Conferences adopted by the Judicial Council of California. This contention is without merit.
 

 It was not “intended that the pretrial order should do away with the power of the trial court to permit amendments to conform to the proof. Justice may sometimes require that the effect of a pretrial order be not so restrictive even when the order is not modified.” (Atkins v.
 
 Atkins,
 
 177 Cal.App .2d 207, 211 [2 Cal.Rptr. 104].) The purpose of pretrial proceedings is to expedite and not to obstruct the administration of justice. The record indicates that the plaintiff was advised of defendant’s contention during the discussions between the parties at the time of the pretrial conference. There is no showing nor is there any contention that the plaintiff was surprised, misled or prevented from making an adequate
 
 *207
 
 presentation of its claim by the granting of the motion to amend. No request was made for a continuance. The plaintiff proceeded upon the theory that it had not sold the drilling rig pursuant to the rights conferred upon it by the chattel mortgage but by an independent agreement and therefore was not bound by the law governing such a sale. The finding of the court was to the contrary and is fully substantiated by the evidence.
 

 “ The policy of great liberality in permitting amendments at any stage of the proceeding has been declared by our courts.”
 
 {Vick
 
 v.
 
 Grasser,
 
 169 Cal.App.2d 692, 697 [338 P.2d 223].) A motion to amend a pleading to conform to proof is a matter placed within the sound discretion of the trial judge and his exercise thereof will not be disturbed on appeal unless it clearly appears that there has been an abuse of discretion.
 
 (Richter
 
 v.
 
 Adams,
 
 43 Cal.App.2d 184, 187 [110 P.2d 486].) No abuse of discretion appears in this case.
 

 The judgment is affirmed.
 

 Griffin, P. J., and Shepard, J., concurred.