[Civ. No. 24704. Second Dist., Div. Two. Mar. 1, 1961.]

NEAL GARRETT, Appellant, v. WILLIAM A. COCHRANE COMPANY, INC. (a Corporation) et al., Respondents.

Daniel J. Culliton for Appellant.

Oliver O. Clark and Fern G. Clark, in pro. per., and Rinehart, Merriam, Parker & Berg for Respondents.

ASHBURN, J.—Plaintiff appeals from the judgment in an action brought by him as junior lien holder to enjoin a foreclosure sale under a first trust deed held by defendant William A. Cochrane Company, Inc., and for declaratory judgment defining the rights and duties of all parties with respect to three trust deeds which were liens upon three parcels of realty owned by Mrs. Fern Clark, wife of Attorney Oliver O. Clark.

The basic facts are these. Mrs. Clark is the owner of property which the court found to have a fair market value of $125,000, or thereabouts. Defendant William A. Cochrane Company, Inc. (hereinafter designated as Cochrane) holds a first trust deed which is a lien on all three parcels, originally in the sum of $15,000; at the time of action brought it had been reduced to $6,731.82. A second lien trust deed held by one Futernick covered Parcels 2 and 3 and was in a principal sum exceeding $17,500. Plaintiff held a trust deed, made August 1, 1955, in the sum of $6,002.90, a second lien upon parcel 1 and a third lien upon Parcels 2 and 3. Oliver Clark had been plaintiff's attorney for a number of years and had borrowed money from him at intervals; they figured the total amount of principal, including $1,875 advanced on said August 1, 1955, plus accrued interest, to be said sum for which Mrs. Clark gave plaintiff said trust deed on that day.

Clark being desirous of a release from plaintiff's lien of certain lots which were in process of sale, he procured from

defendant Cochrane and delivered or caused to be delivered to plaintiff a letter of August 30, 1955, addressed to him and advising that when certain pending escrows were closed ''there will be a balance on said loan . . . not to exceed $3,000.00 and said balance is payable at the rate of $250.00, quarterly, including interest at 6% per annum.'' Relying upon this information and upon receipt of $500 plaintiff on September 2, 1955, gave a release of the lots in question. After Cochrane had started a trustee's foreclosure sale under its first trust deed plaintiff brought this action having as one of its primary objectives an adjudication that Cochrane is estopped to enforce its lien against plaintiff for more than $3,000 principal amount. Upon this issue plaintiff prevailed and Cochrane has acquiesced in the ruling, but plaintiff complains of certain minor aspects of the findings and judgment pertaining to this issue. They will be discussed later.

The second major issue in the case revolved around the Futernick trust deed and its foreclosure. After default thereon a trustee's foreclosure sale had been set for November 10, 1955. Mr. Clark sought plaintiff's assistance in refinancing that obligation. The court found in VII: ''That on or about August 1, 1955, the defendant Fern G. Clark, through her agent and attorney, Oliver O. Clark, sought the assistance of plaintiff herein in the refinancing of said Futernic[k] trust deed, and upon which there was then unpaid a sum in excess of $17,500, and upon which foreclosure proceedings were pending, and in consideration of the execution and delivery of the promissory note for $6,002.90, as hereinafter found, and in consideration of the agreement of the defendant Oliver O. Clark to carry on to completion said legal work then in process and in charge of said defendant, the plaintiff herein orally covenanted and agreed to refinance said Futernic[k] trust deed and to protect the real property described therein from the pending foreclosure sale, and in this connection said plaintiff orally covenanted and agreed to purchase said Futernic[k] trust deed and to hold the same for the benefit of the defendant Fern G. Clark pending the refinancing of said last mentioned obligation. . . .

''That thereafter, and on or about November 11, 1955, said plaintiff caused the trustee named in said'Futernic[k] deed of trust to sell the real property therein described, at foreclosure sale, and upon said foreclosure sale said plaintiff became the purchaser of parcels 2 and 3 of the above described real prop-

erty, and that the trustee's deed thereto was executed in favor of said plaintiff. . . .

"That since the receipt of said trustee's deed said plaintiff has, in violation of his refinancing agreement as herein found, asserted that he is the absolute owner of parcels 2 and 3 of said real property. The Court finds, however, that the deed received by said plaintiff in connection with said foreclosure sale, as herein found, is and in fact constitutes only a mortgage and encumbrance upon said parcels 2 and 3 of said real property, and that said plaintiff has a lien and encumbrance in the nature of a mortgage upon said parcels 2 and 3 of said real property, subject, however, to the prior encumbrance of the Cochrane trust deed, for the full amount stipulated as due thereon by the defendant Fern G. Clark, as herein found, for the following sums: 1. For the sum of $18,301, paid by said plaintiff for the purchase of said Futernic[k] trust deed and for the payment of foreclosure costs; 2. For the sum of $1,435.40 advanced for taxes in the year 1957; and 3. For the further sum of $759.62 advanced by said plaintiff for taxes on or about April 10, 1958.

VIII: "The Court further finds that at the time of the purchase by plaintiff of said Futernic[k] trust deed, and at all times subsequent to August 1, 1955, a confidential relationship existed between the plaintiff and the defendant Fern G. Clark, and that at all times prior to the foreclosure sale herein referred to the defendant Fern G. Clark relied upon said plaintiff to refinance said Futernic[k] trust deed and to prevent the loss of her property by the foreclosure thereof, and in connection with the foreclosure sale held pursuant to the Futernic[k] trust deed said plaintiff acted in bad faith and in violation of said confidential relationship as to defendant Fern G. Clark, and that in procuring the trustees' deed of October 22, 1954 [sic], under the facts as herein found, said plaintiff acquired no right, title or interest in said parcels 2 and 3 of the above described real property, except a mortgage lien thereon as herein found."

Mr. Clark's testimony, which the court obviously accepted, discloses that he and Garrett both before and after the foreclosure sale discussed the fact that same would result and had resulted in plaintiff occupying the status of a mortgagee; that each of them committed himself to this view.

▉ Appellant argues that he was protecting his own interest as junior lienee when he purchased the Futernick property at foreclosure sale and that no trust then existed or

later arose with respect to it. However, the evidence upon this issue was sharply and substantially conflicting; the court accepted the testimony of Mr. Clark, rejected that of appellant, and hence we cannot interfere. Counsel for appellant has not attempted to carry the burden which rests upon an appellant who challenges the sufficiency of the evidence in any particular (see *Nichols* v. *Mitchell*, 32 Cal.2d 598, 600 [197 P.2d 550]; *New* v. *New*, 148 Cal.App.2d 372, 383 [306 P.2d 987]). ▪ In the last cited case it is said: " 'And where appellant urges the insufficiency of the evidence to sustain the findings . . . the rule is that, "Such contention *requires defendants to demonstrate* that there is no substantial evidence to support the challenged findings." (*Nichols* v. *Mitchell*, 32 Cal.2d 598, 600 [197 P.2d 550].) (Emphasis added.)' " Nor does appellant's counsel cite any authorities in support of the claim that the pertinent findings and conclusions are erroneous as a matter of law.

▪ Appellant also argues that the court erroneously found (per Finding VII above quoted) that the Cochrane trust deed is superior to appellant's rights as purchaser at the Futernick foreclosure sale because the estoppel growing out of the letter of August 30, 1955, applied to the Futernick trust deed as well as the one held by plaintiff; that therefore the Cochrane lien was prior to Futernick to the extent of $3,000 only, not the full amount of $6,731.82. There is no merit in this. The estoppel arose on September 2, 1955, and had no relation to the Futernick lien whose foreclosure occurred on or about November 10, 1955, at which time plaintiff first acquired an interest in that trust deed or the property subject to its lien.

We turn now to the lesser phases of the appeal, which seems designed largely to obtain a declaratory judgment from this court.

▪ Appellant argues that " [w]hen the Court found that 'the Cochrane Company is limited to the principal sum of $3,000 in recovery on their trust deed,' the effect was that, as a junior lienholder and with the Cochrane Company lien in default, and foreclosure proceedings in being, the plaintiff had the right to redeem the lien upon payment of $3,000.00." The finding is not so limited. We quote: "The Court further finds that the defendant Wm. A. Cochrane Co., Inc. is entitled to and has legal right to claim, as against the plaintiff herein, and in priority to said Garrett trust deed, a lien for $3,000, plus interest thereon from September 2, 1955, at the rate

reserved in the promissory note of the defendant Fern G. Clark, secured by said Cochrane trust deed, plus advancements made by the defendant Wm. A. Cochrane Co. Inc., as herein found.

". . . [T]hat said Garrett trust deed is a second encumbrance upon said real property, subject to said Cochrane trust deed, which to the extent of $3,000 plus interest and advancements as hereinabove found is a first and prior encumbrance upon said real property as against the plaintiff herein."

Next it is said that the interest dates used in the judgment are erroneous; that interest on the $3,000 should be figured from September 27, 1955, to November 8, 1955. The former date is said to be that of the closing of the escrows mentioned in the quoted letter of August 30, 1955. The findings start the interest on September 2, 1955, which is the date of plaintiff's giving a release in reliance upon the said letter; that is the correct date. Appellant further says that November 8, 1955, is the date of an offer, made by him to pay to Cochrane the $3,000, which offer is said to have terminated Cochrane's right to interest. The record shows that appellant in his testimony did not claim to have offered any amount in excess of $3,000—no interest or advancements. Aside from other considerations this proves it ineffective so far as termination of interest is concerned.

Complaint is made that the judgment allows "an indeterminate amount of advancements" and that the evidence does not disclose the dates of same. There appears to be some merit in this contention. The pretrial order says "Said sum of $3,000,00, if defendant Cochrane Company should be limited thereto, would include in addition interest thereon and any advancements made by defendant Cochrane Company." Finding V says that the unpaid balance of the Cochrane trust deed at the time of filing this action was "the sum of $6,731.82, plus advances made by the Wm. A. Cochrane Co., Inc. pursuant to the terms of said Cochrane trust deed, in the sum of $1,526.77 on account of taxes and $269.78 on account of insurance," and Finding VI that the Cochrane trust deed has priority over Garrett's for "$3,000, plus interest thereon from September 2, 1955, at the rate reserved in the promissory note of the defendant Fern G. Clark, secured by said Cochrane trust deed, plus advancements made by the defendant Wm. A. Cochrane Co. Inc., as herein found." Counsel for appellant and for respondent Cochrane agree that prior advancements are a part of said balance of $6,731.82. Respondents' counsel

say: "Appellant correctly asserts on page 6 of his opening brief that there is no evidence in the record of any advancements having been made prior to the entry of the judgment appealed from which are not included in the item of $6,731.82, and it is quite obvious that the advancements referred to in Paragraph III of the judgment refers to advancements which may be made subsequent to the entry of that judgment." However, this does not seem to be a correct interpretation of paragraph III, for it refers to "$3,000 plus interest and advancements as herein set forth." This relates back to the finding above quoted. The testimony of Mr. William A. Cochrane, president of respondent company, establishes that the tax item was paid on March 25, 1955 (the action was filed November 5, 1956), and that two insurance premiums ($161.19 and $54.60) were paid upon an undisclosed date or dates. We conclude that the finding under discussion reflects a mistake but the record is not sufficiently clear for us to feel justified in modifying the finding by declaring the correct amounts. This issue must be retried.

 Near the close of the trial the court asked plaintiff the value of the three parcels of the Clark property at the time of his purchase at the Futernick foreclosure and he testified that the value of Parcels 2 and 3 was $25,000. Thereupon Mr. Clark swore that these two parcels were worth $100,000 and lot 1 worth $40,000. Later the case was reopened at Clark's request for the purpose of calling Emmett W. Knapp to impeach the testimony of plaintiff. Knapp testified to a conversation had with plaintiff about the middle of 1957 in which he told Garrett the value was $135,000, and Garrett said it was not worth more than $100,000. This the plaintiff then denied upon the witness stand. His counsel thereupon sought to call two appraisers to testify concerning the value of the properties but the court remarked that the reopening had been for the purpose of impeachment of plaintiff's testimony, with which remark appellant's attorney expressed agreement. The court made no definite ruling and counsel did not then or later press for one. But the trial concluded without taking the proffered testimony of the two appraisers. Appellant cannot now complain of a ruling that was not made. Moreover, the matter resided within the sound discretion of the trial judge and, assuming a ruling adverse to plaintiff, we perceive no abuse of discretion. We say this primarily because the value of the property was not an issue in the case, it had no direct bearing upon the real controversy and we cannot see that

the court "then allowed itself to be swayed by its evaluation to find facts not supported by the evidence," as counsel for appellant asserts.

We cannot agree that Finding V is outside the issues. It declares the rights of Cochrane upon its trust deed with respect to the defendants Clark, and was appropriate to the complete declaration of rights and duties of all parties sought by plaintiff's amended complaint. True, it exceeded the scope of the original pretrial order but a later one enlarged the scope of the hearing to encompass the issues raised by the Clarks. Moreover, the trial judge found the original pretrial order to be too restrictive, declined to follow its suggestion as to order of procedure, and counsel joined him in canvassing all issues raised by the pleadings and the evidence. In this the court did not err (*cf. Atkins* v. *Atkins,* 177 Cal.App.2d 207, 211 [2 Cal.Rptr. 104] ; *Rocky Mountain Export Co.* v. *Colquitt,* 179 Cal.App.2d 204, 206 [3 Cal.Rptr. 512]).

Criticizing Finding VII above quoted, counsel argues that all of appellant's dealings were with Oliver Clark and not with Fern, his wife; that a confidential relationship existed between the two men, attorney and client, but that appellant owed no fiduciary duty to Fern Clark. Counsel seems to misapprehend the situation. When plaintiff made an agreement to purchase the Futernick trust deed and for a consideration rendered to him by Oliver Clark further agreed to hold the trust deed for the protection of the Clarks until they got ready to subdivide and sell, at which time he was to receive 25 per cent of the proceeds, when he later breached that agreement and caused the foreclosure sale to proceed so he could buy the property for his own benefit, when he thereafter asserted such to be the result—when this breach of his oral promise occurred a constructive trust then arose though none may have existed before (*cf. Webb* v. *Vercoe,* 201 Cal. 754, 759, 760-763 [258 P. 1099, 54 A.L.R. 1200] ; *Penziner* v. *West American Finance Co.,* 133 Cal.App. 578, 586 [24 P.2d 501] ; *O'Rourke* v. *Skellenger,* 169 Cal. 270, 272 [146 P. 633] ; *Steinberger* v. *Steinberger,* 60 Cal.App.2d 116, 122 [140 P.2d 31] ; *Lombardi* v. *Tranchina,* 129 Cal.App.2d 778, 782 [277 P.2d 938] ; 49 Cal.Jur.2d § 397, p. 244), and the findings and judgment at bar constitute an enforcement of this trust. Appellant has not been prejudiced by the mere form of the findings in this regard.

Other contentions of respective counsel are adequately cov-

ered by the foregoing discussion and they require no separate comment.

The judgment is affirmed in all respects except as to the issue of the amounts of advancements and interest due upon the Cochrane trust deed in addition to the $3,000 principal amount for which it is enforcible against appellant Garrett. As to that issue the judgment is reversed for a new trial. Each party to bear own costs on appeal.

Fox, P. J., concurred.

A petition for a rehearing was denied March 27, 1961, and appellant's petition for a hearing by the Supreme Court was denied April 26, 1961.