[Civ. No. 20171.   First Dist., Div. Two.   Feb. 21, 1962.]

BAKER AIRCRAFT SALES, INC., Plaintiff and Appellant, v. R. G. CASSEL et al., Defendants and Respondents.

564

Wenke & Phelan and Samuel M. Salmon for Plaintiff and Appellant.

Mathews & Traverse for Defendants and Respondents.

SHOEMAKER, J.—This is an appeal by plaintiff Baker Aircraft Sales, Inc., from a judgment of dismissal entered on an order sustaining a demurrer to plaintiff's third amended complaint without leave to amend.

Plaintiff's complaint alleged that on January 13, 1959, it entered into a written contract with defendants, whereby plaintiff agreed to lease a certain Piper Apache aircraft to defendants for a period of 42 months, at a total rental of $50,072.62, with $6,000 to be paid upon delivery of the plane and 42 equal monthly installments of $1,049.34, commencing on February 15, 1959. The contract, a copy of which was incorporated by reference into the complaint, provided that if defendants defaulted in the payment of any rental installment, plaintiff was to have the option of terminating the

lease and/or repossessing the plane. Any such repossession of the plane was not to constitute a termination of the lease unless plaintiff so notified defendants in writing, and plaintiff was given the additional right to lease the property to a third party or to sell the property at public auction in accordance with the California pledge laws. In the event that plaintiff elected to pursue either of these remedies, the contract provided that there would immediately be due from defendants the difference between the total unpaid rent under the lease and any amount received by plaintiff from the sale or lease of the plane to a third party, plus plaintiff's costs in repossessing, selling or releasing the plane.

Plaintiff averred that it had performed all of the conditions required of it under the contract and had delivered the aircraft to defendants; that defendants paid the $6,000 upon delivery of the plane and three monthly installments; that on May 15, 1959, defendants failed and refused to make any further payments, although demand was duly made, and shortly thereafter plaintiff repossessed the plane and kept and stored it until November 20, 1959, at which time plaintiff sold the plane to third parties at private sale for $28,500, which was the fair market price of the plane at that time. Plaintiff sought damages in the amount of $13,135.45, this being the total unpaid rent under the lease, plus the costs to plaintiff of repossessing and selling the plane, and less the amount realized from the sale of the plane.

Defendants demurred generally to the complaint, asserting that plaintiff was required under the contract to comply with the California pledge laws in the event that it chose, after repossession, to sell the plane; that it admittedly, by its pleading, had not done so and since this provision was a condition precedent to plaintiff's right to recover any deficiency remaining after sale, the complaint set forth no cause of action. The trial court agreed and sustained the demurrer without leave to amend, and entered its judgment of dismissal.

The rule is well settled that a general demurrer should be sustained without leave to amend only if the complaint cannot be amended to state a cause of action. (*Lincoln* v. *Grazer* (1958) 163 Cal.App.2d 758, 761 [329 P.2d 928]; *Kauffman* v. *Bobo & Wood* (1950) 99 Cal.App.2d 322, 323 [221 P.2d 750].) If the complaint states a cause of action on any theory, a general demurrer must be overruled. (*Kauffman* v. *Bobo & Wood, supra.*)

In the case at bar, the trial court sustained the demurrer

without leave to amend on the sole ground that appellant, in electing to repossess and sell the leased property, was bound to sell the property at public auction in accordance with the terms of the lease, and that appellant having sold the property at private sale without notice, it was barred from recovering a deficiency judgment. In support of its ruling, the court relied upon *Metheny* v. *Davis* (1930) 107 Cal.App. 137 [290 P. 91], and *Rocky Mountain Export Co.* v. *Colquitt* (1960) 179 Cal.App.2d 204 [3 Cal.Rptr. 512].

We do not consider these authorities applicable to the facts of this case.

In the *Metheny* case, the plaintiff was the holder of a promissory note secured by a chattel mortgage on certain furniture. Under the terms of the mortgage, plaintiff was given the right, in the event of the mortgagor's default in payment, to take possession of the mortgaged property and sell it " 'in the manner provided by law.' " (P. 138.) A default subsequently occurred, and plaintiff took possession of the furniture and had it sold at auction. In so doing, however, plaintiff failed to make a demand for payment of the indebtedness and further failed to give notice of the sale. Plaintiff subsequently brought suit against the mortgagor to recover the deficiency due on the note. The court held that the plaintiff, by disposing of the property without following the requirements of the mortgage, had extinguished the mortgage lien and was thus barred from recovering a deficiency judgment. In so holding, the court pointed out that a mortgagee, under California law, has a mere lien on the mortgaged property. When a mortgagee takes possession and sells the property without following the method prescribed by law or set forth in the mortgage, his actions amount to a conversion of the mortgaged property, and his lien is thereby extinguished. The court noted that in those jurisdictions holding that a mortgagee has legal title to the mortgaged property, the rule is otherwise, and an invalid sale will not destroy the mortgagee's right to bring a later action for the deficiency. In those jurisdictions, the mortgagor's only relief from an invalid sale is to have the fair market value of the mortgaged property credited upon his note.

The *Colquitt* case merely reaffirmed the rule of the *Metheny* case as applied to a chattel mortgagee who had sold the mortgaged property without giving the notice required by law.

Neither decision is authority for the proposition that a lessor of personal property is subject to the same rules as is

a chattel mortgagee. Indeed, the language of the *Metheny* case clearly indicates that the chattel mortgagee's lack of title is the determinative factor underlying the decision. In the instant case, the facts pleaded by appellant reveal that it never parted with title to the personal property in question, but merely leased the aircraft to respondents for a specified period of time. Although respondents assert that the lease is in actuality a conditional sale, the language of the written contract itself clearly refutes this contention. Appellant's retention of title to the property in question is such a distinction that the *Metheny* and *Colquitt* decisions cannot be deemed controlling. Appellant was certainly not in the position of a mortgagee who had a mere lien on the property and who could preserve this lien only by a strict compliance with the terms of the mortgage.

The question remains as to whether or not the leasing contract itself made appellant's right to a deficiency judgment dependent upon its compliance with the California pledge laws. This question has, in part, been removed from this court's determination, since appellant has chosen to concede that its complaint states no cause of action for rental payments accruing after November 20, 1959, the date on which it sold the plane. In its opening brief, appellant grants that the provision entitling it to a deficiency judgment never became operative and that the contract was terminated when it sold the property at a private sale without giving the required notice. Appellant limits its appeal to the sole question of whether the complaint states a cause of action for the payments which had accrued prior to the sale. Appellant points out that on May 15, 1959, respondents refused to make any further payments, and that it then repossessed the plane and held it until November 20, 1959. The contract provided that a repossession would not constitute a termination of the lease unless appellant expressly so notified respondents, which notice was never given; hence, appellant maintains that its complaint set forth a cause of action for $7,345.38, the accrued rental during the period prior to the sale.

On the other hand, respondents contend that no distinction may properly be made between rent accruing before or after the sale and that appellant's obligation to comply with the pledge laws was a condition precedent to its right to recover any rentals whatever, regardless of whether they had accrued before or after the sale. Respondents further assert that appellant, by limiting its prayer to only a portion of the sum

prayed for in its complaint, is pleading a new cause of action on appeal. We find no merit in either of these contentions.

In accordance with the accepted rules of contract interpretation, provisions are not to be construed as conditions precedent, unless such a construction is made necessary by the express terms of the contract. (*Bouchard* v. *Orange* (1960) 177 Cal.App.2d 521, 528 [2 Cal.Rptr. 388] ; *Larson* v. *Thoresen* (1953) 116 Cal.App.2d 790, 794 [254 P.2d 656].)

It has also been held that the payment of money cannot be made dependent on the performance by the other party of a condition which, by the very terms of the contract, is not to be performed, or may not be performed until after the date at which the money is to be paid. (*Starr* v. *Davis* (1930) 105 Cal.App. 632, 635 [288 P. 706].)

When the lease is examined in the light of these rules, it is apparent that appellant's right to recover the $7,345.38 had already accrued when it chose to sell the plane on November 20, 1959. Under the express terms of the leasing agreement, appellant reserved the right, upon respondents' default, to repossess the plane and hold it for the full term of the lease, while continuing to recover the monthly rental payments as they accrued. Although appellant reserved the additional right to sell the plane in accordance with specified rules and thus hold respondents immediately liable for any resulting deficiency, appellant was certainly under no obligation to exercise this right. As of November 20, 1959, appellant had elected to hold the plane for several months, while rental payments in the amount of $7,345.38 had accrued. Under these facts, we do not agree that appellant's subsequent act of selling the plane operated to relieve respondents from their obligation to pay rent which had already become due. In accordance with the rule set forth in the *Starr* case, appellant's right to collect the accrued rent cannot be viewed as dependent on a covenant which appellant could perform only at a later date.

Insofar as the argument that appellant is pleading a new cause of action for the first time on appeal is concerned, the mere fact that appellant is now seeking to recover only a portion of the amount originally prayed for certainly cannot be viewed as an attempt to plead an entirely new theory on appeal. An examination of appellant's complaint reveals that it there alleged all the facts necessary to entitle it to recover the rents accrued prior to November 20, 1959. The complaint states that respondents were to make monthly payments of

$1,049.34, commencing on February 15, 1959; that on May 15, 1959, respondents refused to make any further payments, despite demand being made; that appellant thereupon repossessed the plane and continued to hold it until November 20, 1959; that appellant was entitled under its contract to repossess the plane and continue to hold it, without such repossession effecting a termination of the lease.

In *Phillips* v. *Gonzales* (1941) 44 Cal.App.2d 267, 269 [112 P.2d 272], the court set forth the following passage from *California Trust Co.* v. *Cohn* (1932) 214 Cal. 619, 628 [7 P.2d 297] : " ' A general demurrer challenges the sufficiency of the pleading to state *any* cause of action and must not be sustained if the pleading states facts from which any liability results, although not for some or all of the relief sought to be obtained. . . . It is sufficient if the pleading contains the allegations essential to the statement of any one cause of action, even though an abortive attempt be made to state facts calling for other and different relief.' "

In our view, the complaint clearly states a cause of action for the rents accrued prior to the sale of the plane on November 20, 1959, and the trial court erred in sustaining respondents' general demurrer.

Judgment reversed.

Kaufman, P. J., and Agee, J., concurred.

A petition for a rehearing was denied March 7, 1962.