[Civ. No. 18017.   First Dist., Div. Two.   Dec. 14, 1959.]

HENRY SAND et al., Appellants, v. CONCRETE SERVICE COMPANY (a Partnership) et al., Respondents.

Johnson, Thorne, Speed & Bamford for Appellants.

Boccardo, Blum, Lull, Niland & Teerlink and Edward J. Niland for Respondents.

DOOLING, Acting P. J.—On August 25, 1953, the parties executed a written contract for the purchase and removal by defendants from a quarry property owned by plaintiffs of sand, gravel and other construction aggregates (hereafter called aggregates) at an agreed price of 15 cents per ton with a minimum agreed payment of $1,000 per month. The real property involved contained deposits of both clay and aggregates which lay in strata one above the other. By the terms

of the contract defendants were entitled only to remove the aggregates, the clay being reserved for sale to another party. A contract for the sale of the clay had in fact already been entered into with other parties (Mahaney and Jarrett), who planned to establish a factory for the manufacture of bricks. Because of difficulties which they encountered Mahaney and Jarrett ultimately obtained a cancellation of this contract for a consideration, leaving no agreement outstanding for the removal of the clay.

Defendants failed to remove any of the aggregates from the property and on January 6, 1955, plaintiffs commenced this action against defendants alleging a breach of the contract of August 25, 1953, and praying for damages therefor. Defendants answered and cross-complained. By their cross-complaint defendants alleged that the aggregates on the property were covered by an overburden of clay and alleged the contract duty of plaintiffs to remove such clay overburden and their failure to do so. They prayed for specific performance of this alleged duty and in the alternative for damages.

The trial court, after hearing parol testimony on the theory that the contract was ambiguous and uncertain on the question of whose duty it was to remove the overburden of clay, concluded that in fact the contract had been entered into under a mutual mistake of fact, in that at the time of the execution of the contract both parties believed that the deposits of clay would be removed by Mahaney and Jarrett under their contract with plaintiffs and, after permitting defendants to file an answer so alleging to conform to the proof, entered judgment denying relief to both parties. Plaintiffs moved for a new trial and the trial court set aside its findings and judgment and permitted both parties to introduce additional evidence on the issue of mistake. The court again concluded that the contract had been executed under the mutual mistake of fact of both parties and entered a second judgment denying any relief to either party on the contract. From this judgment plaintiffs appeal.

Appellants argue: 1. the trial court erred in allowing defendants to amend their answer to conform to the proof; 2. the court erred in admitting parol evidence to vary the terms of the written contract; 3. certain of the trial court's findings are not supported by the evidence; 4. plaintiffs under the contract were at least entitled to recover a minimum of $6,000; and 5. the court erred in refusing to admit evidence of defend-

ants' conduct in relation to a suit on a contract with other parties.

It is appellants' theory that, because in their original pleading respondents stood on the contract as a valid contract and did not urge any mistake, they should not be later allowed by the court to change their theory and attack the contract on the ground that the parties entered into it because of a mutual mistake. In thus arguing we believe that appellants take too narrow a view of the function of the trial court. The basic purpose of our legal system is to do justice between the parties under established legal principles. The trial judge should be more than an umpire deciding which party has succeeded under the ground rules fixed by opposing counsel for the playing of a game. If he reaches the conclusion from the evidence that an attorney for one party has misconceived the basic rights of his client under the facts which he finds to be true he has not only the right, but the duty, to decide the case in accordance with such findings. All that fairness requires is that the new theory, which the judge decides is the correct one, be disclosed to the opposing party so that he may have a full opportunity to meet it. That right was accorded in full measure to appellants in this case. If the trial judge had permitted his original judgment to stand appellants might with logic argue that the court decided the case on a theory which had not been disclosed to them and which they had been deprived of the opportunity to meet. But the court set aside its original findings and judgment and permitted the parties full opportunity to introduce additional evidence on the issue of mutual mistake. Since this was done appellants can show no prejudice in the court's conduct in this particular.

If it be appellants' theory that by the original pleadings both parties agreed on the validity of the contract it should be pointed out that they did not agree upon its proper construction. Appellants construed it as requiring respondents to remove the overburden of clay and respondents construed it as requiring appellants to do so. The trial court concluded that both parties had mistakenly assumed that Mahaney and Jarrett would remove it, a conclusion that is in no wise inconsistent with respondents' original contention that when Mahaney and Jarrett failed to do so that duty fell on appellants.

Appellants' contention that the court erred in admitting parol evidence to vary the terms of the written con-

tract seems beside the point since the ultimate issue decided by the court was that the parties entered into the contract under a mutual mistake of fact. ▮▮ Mutual mistake in the inception of the contract can only be proved by evidence extrinsic to the contract and such evidence is necessarily admissible for such purpose. (*Stock* v. *Meek*, 35 Cal.2d 809, 816 [221 P.2d 15]; *Palma* v. *Leslie*, 6 Cal.App.2d 702, 709 [45 P.2d 391].) ▮▮ That much of the extrinsic evidence was originally admitted on the theory of explaining an uncertainty or ambiguity in the contract becomes quite immaterial in view of the fact that the court by its judgment did not purport to interpret the contract but instead refused to enforce it against either party because of its finding that the parties in executing it did so under a mutual mistake.

We may note briefly, however, that the contract expressly excludes "clay" from the materials which respondents are entitled to remove from the premises; contains express reference to "contracts with others for the sale and removal of said deposits in a manner which will . . . . as far as practicable, result in the removal first in each instance of the deposit which is an overburden to the other"; expressly binds respondents that their "operations will not unnecessarily interfere with the removal of other deposits, such as clay, from said premises," and nowhere contains any express provision placing the duty of removal of the overburden of clay upon respondents. Appellants are forced to the argument that from other provisions of the contract the duty of respondents to remove the overburden of clay must be implied, and further, since the contract forbids respondents' removal of the clay from the premises that this implied duty is not only to remove clay where it is an overburden on the aggregates but also to dispose of it in some manner on the premises themselves. Were the question properly involved on this appeal we are satisfied that the contract was sufficiently uncertain in this particular to justify the admission of extrinsic evidence to explain it. (*Body-Steffner Co.* v. *Flotill Products, Inc.*, 63 Cal.App.2d 555, 560-562 [147 P.2d 84].)

▮▮ Appellants argue that there is no substantial evidence to support the court's finding that the contract was executed as a result of a mutual mistake of fact in that both parties believed that the overburden of clay would be removed by Mahaney and Jarrett. The evidence shows that originally respondents proposed that they would remove the clay overburden where necessary and that in a memorandum for a

proposed contract to this end there was an express provision reading: "The Buyer is responsible for removal of all necessary overburden." When this proposed agreement was under discussion and the quoted provision for removal of overburden was reached appellant Henry Sand objected and stated that he had a deal with someone else for the sale of the clay and he could not let respondents have it. Before the agreement was executed appellant Henry Sand told respondents that "he had sold his clay and that I was to work with this brick company simultaneously." "He said that we were to work simultaneously, together. They were to remove the clay, I was to take out aggregates."

When the contract was subsequently prepared by appellants' attorney it contained no provision dealing with the duty of removing the overburden. The contract with respondents contained a provision: "Buyers agree to first remove construction aggregates which are an overburden to other deposits such as clay . . . before, without the written consent of Sellers . . . removing construction aggregates which are not an overburden. . . ." There was a similar provision in the contract with Mahaney and Jarrett binding them first to remove the clay which is an overburden to other deposits.

After the inception of the contract certain excavation on the property to prepare for both respondents' and Mahaney and Jarrett's operations was delayed. Respondents complained to appellants about this delay and appellants did not then take the position that respondents were bound to proceed without regard to the operations of Mahaney and Jarrett. It was only after the contract for the removal of the clay had been cancelled that appellants finally took the position that respondents were in default of their contract.

■ All intendments must be indulged on appeal in favor of the trial court's findings. Appellants point to much in the evidence which might support their contention that there was not in fact a belief by both parties that the clay overburden would be removed by Mahaney and Jarrett, but we are not concerned with the weight of the evidence or conflicts therein. ■ The evidence most favorable to the findings of the court must be taken as true and every inference supporting the findings which can reasonably be drawn from the evidence must be drawn. Applying this rule there is sufficient evidence to support the finding attacked.

Appellants also attack a finding: "[t]hat the removal of the clay by a purchaser thereof was a condition precedent to

the ability of defendants to comply with their . . . agreement.'' We need spend no time on this finding. The judgment is sufficiently supported by the finding that the parties entered into the contract acting under the mutual mistake of fact above discussed. [7] Where one finding which is supported by the evidence is found which is sufficient to support the judgment other findings become immaterial. (*Miller & Lux Inc.* v. *Secara*, 193 Cal. 755, 772 [227 P. 171]; *Bohn* v. *Watson*, 130 Cal.App.2d 24, 41 [278 P.2d 454].)

Appellants claim that under a certain provision of the contract they are entitled at least to a minimum recovery of $6,000. The difficulty with this argument is that the court has found that the entire contract is not binding on the parties because of their mutual mistake.

Appellants offered to prove that respondents in defense of an action against them by one Demizzi on a contract involving a quarry and crushing plant had raised the defenses of failure of consideration, unilateral mistake and mutual mistake. The trial court sustained an objection. This was not error. The court properly observed: ''I am not going to try another case . . . to find out whether his defenses were justified or unjustified. . . .'' Nothing in *Moody* v. *Peirano*, 4 Cal.App. 411 [88 P. 380], or in any other authority cited would justify the court in going into the entirely collateral issues of another lawsuit.

Judgment affirmed.

Draper, J., and Stone, J. pro tem.,* concurred.

A petition for a rehearing was denied January 13, 1960, and appellants' petition for a hearing by the Supreme Court was denied February 10, 1960.

*Assigned by Chairman of Judicial Council.