[Civ. No. 9706. Third Dist. Jan. 18, 1960.]

SHARON M. ATKINS et al., Respondents, v. TOM D. ATKINS, Appellant.

William J. Clark for Appellant.

Edmund M. Moor and Daniel S. Carlton for Respondents.

WARNE, J. pro tem.*—The pretrial conference order entered in this action declared: "This is an action to set aside a deed, to quiet title and, alternatively, for recovery of value of. . . real property. . . ." The judgment declared the deed, absolute in form, to be a mortgage, and the court entered judgment accordingly in favor of respondents. Appellant appeals from the judgment.

Stating the facts in the light most favorable to the plaintiffs the record shows that Sharon Atkins, hereinafter referred to as respondent, is an elder brother of appellant. Respondent is a retired physician and appellant is a practicing dentist. Respondent acquired the subject property in 1946 or 1947 and has been in possession thereof at all times herein involved. From time to time appellant assisted respondent financially. In 1955 respondent sought appellant's help in stocking the ranch. Appellant advised respondent that he was not going to advance any more money without having some protection. However, appellant did promise respondent that he would look after respondent's young daughter and educate her. At that time respondent reposed great trust and confidence in appellant. After many conversations in regard to

*Assigned by Chairman of Judicial Council.

their families and finances, respondent suggested that he deed the ranch to appellant in consideration of $11,500 in cash and the transfer of some real property worth approximately $31,000. Appellant agreed, and on August 17, 1955, respondent executed a grant deed which recited it was for "value received," but the revenue stamps attached thereto reflected a consideration of $11,500. Respondent was paid $1,000 and appellant paid approximately $1,300 to discharge back taxes and an unsatisfied judgment. Thereafter, appellant purchased cattle and equipment for the ranch which respondent continued to manage.

According to respondent, appellant asked that he be allowed until the first of the year to pay the balance due and respondent agreed. However, when that time came, appellant declared that he was unable to complete the deal. Respondent replied that that was agreeable and that he would list the property for sale. This he did and obtained an offer to purchase. However, appellant refused to comply unless he received $14,500 out of the proceeds of the sale. Respondent claimed that amount was far in excess of what he owed appellant and the parties could not reach an agreement. Whereupon, respondents brought the present action alleging the agreement and appellant's refusal to perform. The complaint prayed in the alternative for judgment of $40,500 or rescission of the contract, cancellation of the deed, and the quieting of respondents' title. After the trial and over appellant's objection, the court permitted amendment of the complaint by the addition thereto of a cause of action which alleged that the deed was executed to secure an indebtedness due appellant from respondents in the sum of $9,834.86. Appellant assigns as error the allowance of the amendment, claiming that it stated a new cause of action without the issues as framed by the pretrial order; but his main attack on the judgment is lack of evidence of a security transaction. ██ However, appellant's own testimony supports the court's finding that the respondents conveyed the property to appellant as security for funds theretofore advanced by appellant.

Appellant testified that it was the respondent's "suggestion that the land up there—that the title be in my name for the monies that would be advanced up there in case anything might happen to him, and then the deal wouldn't be a dead loss as far as I was concerned, . . ." Appellant further testified that before the litigation he considered he held the property in trust, or subject to some right of respondent's daugh-

ter. Appellant also testified that he had advised respondent that he was not going to put up money to stock the ranch "until some arrangements were made to protect what I had already spent"; that he "was not going to buy a herd of cattle and buy a tractor and equipment with no security, with no hope of even having anything to show for my expenditures; . . . that he would have [to] come up with some definite arrangements whereby I would be protected." These facts amply support the finding that the deed in question, though absolute in form, was intended as a mortgage.

Following the trial, the respondents were allowed to amend their complaint by adding a fourth cause of action to conform to the proof at the trial, wherein it was alleged that plaintiffs transferred the property in question "as security for an indebtedness due defendant from plaintiffs in the sum of $9834.86, together with any other sums advanced by the defendant to plaintiffs prior to August 17, 1955; that said conveyance was in deed form but was intended by the parties to be a mortgage securing such indebtedness." The prayer of the complaint was also amended accordingly, praying "That the court determine the amount of the indebtedness due from plaintiffs to defendant and that it order that defendant make, execute, acknowledge and deliver a good and valid deed to said real property to plaintiffs on payment of said amount of indebtedness to said defendant." The amendment was proposed in order to conform to the trial court's conclusions as stated in its memorandum of opinion. Findings and the judgment were based upon the complaint as amended.

The pretrial conference order determined the issues as follows:

"This is an action to set aside a deed, to quiet title and, alternatively, for recovery of value of that certain real property situate, lying and being in the County of Tehama, State of California, particularly described as follows, to wit: [Description].

"Plaintiffs allege and contend that a deed was made and executed by them to defendant, with the understanding and oral agreement set out in the complaint.

. . . . . . . . . . . . . .

"Counsel state that the pleadings are satisfactory and that the issues are properly joined, except that counsel for defendant believes that Counts I and II of the complaint are surplusage and could properly be eliminated and the case tried on the third Count."

Appellant contends that the trial court erred in permitting the amendment to the complaint after it had made the pretrial conference order.

The rule as to pretrial procedure adopted by the Judicial Council provides that each of the parties shall be prepared to state orally the factual and legal contentions as to the issues remaining in dispute. (Rule 8.2.) Rule 8.6(a) provides:

"The pre-trial conference judge shall prepare and sign a pre-trial conference order. . . . This order shall contain:

"(1) A concise and descriptive statement of: . . . (iii) the factual and legal contentions made by each party as to the issues remaining in dispute; . . ."

The pretrial order when filed becomes part of the record and controls the subsequent course of the case, even where inconsistent with the pleadings, unless modified. (Rule 8.8.) We do not believe that it was intended that the pretrial order should do away with the power of the trial court to permit amendments to conform to the proof. Justice may sometimes require that the effect of a pretrial order be not so restrictive even when the order is not modified. Such was the holding in *Solomon* v. *Goldberg,* 11 N.J. Super. 69 [78 A.2d 118]. Here there is substantial evidence to support the trial court's finding and the judgment that the plaintiffs transferred the property in question as security for an indebtedness due defendant. The testimony given by the appellant himself would and does amply support such a finding. Under such conditions it may not be said that he has been misled or prejudiced. Under appellant's contention respondents should not have been allowed to change their theory to one which the evidence showed they should have adopted in the first instance. In *Sand* v. *Concrete Service Co.,* 176 Cal. App.2d 169 [1 Cal.Rptr. 257], the court said at page 172:

". . . In thus arguing we believe that appellants take too narrow a view of the function of the trial court. The basic purpose of our legal system is to do justice between the parties under established legal principles. The trial judge should be more than an umpire deciding which party has succeeded under the ground rules fixed by opposing counsel for the playing of a game. If he reaches the conclusion from the evidence that an attorney for one party has misconceived the basic rights of his client under the facts which he finds to be true he has not only the right, but the duty, to decide the case in accordance with such findings. All that fairness requires is that the new theory, which the judge decides is the

correct one, be disclosed to the opposing party so that he may have a full opportunity to meet it. . . .''

As hereinabove stated the appellant was fully and fairly informed as to all the facts. He, himself, supplied most of the pertinent testimony upon which the amendment was based.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied March 16, 1960.