[Civ. No. 10012.   Third Dist.   Mar. 22, 1961.]

ITALO JOHN VESCI, Plaintiff and Appellant, v. LARRY INGRIM et al., Respondents; COFFIN-REDINGTON COMPANY (a Corporation), Defendant and Appellant.

*Assigned by Chairman of Judicial Council.

Thomas W. Loris for Plaintiff and Appellant.

McGregor & Bullen, McGregor, Bullen & Saldine, Russell A. Harris and Donald McGregor for Defendant and Appellant.

Lawrence W. Marvin, Jr., for Respondents.

WARNE, J. pro tem.*—This is an action to recover damages for personal injuries and property damage sustained by plaintiff as the result of a rear-end collision between plaintiff's automobile and defendant Coffin-Redington Company's Dodge truck. The defendant Coffin-Redington Company has appealed from the judgment entered solely against it on a jury verdict in favor of plaintiff. The plaintiff appeals from that part of the jury's verdict and the resulting judgment against him in favor of the defendant Larry Ingrim and the defendant Bercut Richards Packing Company. Plaintiff's appeal apparently is only urged in the event of a reversal of the judgment against the Coffin-Redington Company, and we will so treat it.

The record shows that on March 13, 1957, the plaintiff was driving his automobile west on "S" Street in the city of Sacramento, and that defendant Larry Ingrim was also

---

*Assigned by Chairman of Judicial Council.

driving west on "S" Street in a Dodge truck, immediately behind the plaintiff's automobile. A rear-end collision occurred resulting in injuries and damage to plaintiff. Defendant Ingrim was driving as the agent, servant and employee of defendant Coffin-Redington Company. On February 27, 1958, plaintiff filed suit for damages against the defendants Ingrim and Coffin-Redington Company and several fictitiously named defendants, wherein he alleged that the accident and the resulting injuries which he sustained were proximately caused by the negligence of Ingrim. The defendant Ingrim and the defendant Coffin-Redington Company answered that complaint on April 16, 1958.

Subsequently, on June 11, 1959, plaintiff obtained an order from the court bringing in the defendant Bercut Richards Packing Company as one of the fictitiously named defendants, and on June 24, 1954, plaintiff filed an amended complaint specifically naming Ingrim, Coffin-Redington Company, a corporation, and Bercut Richards Packing Company, a corporation, as defendants. The amended complaint, in addition to the allegations set forth in the original complaint, alleged in substance that the Bercut Richards Packing Company operated a service station under the name and style of Bercut Richards Super Service Station; that it undertook to maintain in safe operating condition and repair the Dodge truck operated by the defendant Coffin-Redington Company; and that defendant Bercut Richards Packing Company negligently and carelessly maintained and repaired the brakes on said Dodge truck so that the same were in a dangerous and unsafe condition on the date of the accident involved in this case. The amended complaint further alleged that this negligent maintenance was the proximate cause of the accident. The record shows no service of the amended complaint on either Ingrim or Coffin-Redington Company, and no answer was made by either. The amended complaint, however, was served on Bercut Richards Packing Company and it answered on July 24, 1959.

In the meantime, after answer by the defendants Ingrim and Coffin-Redington Company, and before the amendment to the complaint specifically naming Bercut Richards Packing Company, a pretrial conference was held. As a result of that conference, the issues framed by the pleadings and incorporated in the only pretrial order entered in the case were: (1) whether defendant Ingrim was negligent in the operation of the truck; (2) whether this negligence was the

proximate cause of the accident and injuries to plaintiff; (3) whether plaintiff sustained personal injuries and damages; and (4) whether plaintiff was guilty of contributory negligence.

The appellant, Coffin-Redington Company, contends that the verdict and judgment in the lower court is against the law; that neither the complaint nor the amended complaint alleges anything but vicarious liability on the part of Coffin-Redington Company; and that the pretrial order thus limits the issues as to the appellant. It is argued that the exoneration of Ingrim by the verdict and judgment exonerates the Coffin-Redington Company as well.

It is the rule that where the recovery sought is based upon an agent's act or omission not directed or participated in by his principal (that is, where the principal's responsibility is simply that cast upon him by law by reason of his relationship to the agent), a judgment exonerating the agent also releases the principal from responsibility and he may avail himself of it for that purpose. (*Bradley* v. *Rosenthal,* 154 Cal. 420 [97 P. 875, 129 Am.St.Rep. 171].) In other words, a verdict exonerating the agent is a declaration that the agent has done no wrong and necessarily exonerates the principal, since the principal cannot be held liable under the doctrine of *respondeat superior* if the agent has committed no tort. (*Johnston* v. *City of San Fernando,* 35 Cal.App.2d 244 [95 P.2d 147]; *Davison* v. *Diamond Match Co.,* 10 Cal.App.2d 218 [51 P.2d 452]; *Spruce* v. *Wellman,* 98 Cal.App.2d 158 [219 P.2d 472]; *Freeman* v. *Churchill,* 30 Cal.2d 453 [183 P.2d 4].) However, we have concluded that the doctrine of *respondeat superior* is not decisive in this case.

The decisive issue is whether or not the parties litigated the question of Coffin-Redington Company's failure to maintain adequate brakes on its Dodge truck. In his opening statement to the jury, counsel for respondent Vesci stated that there would be evidence presented showing the failure of the brakes on the Dodge truck. Counsel for Coffin-Redington in his opening statement stated that the Coffin-Redington Company relied on Bercut Richards Packing Company to maintain the brakes on the Dodge truck. In his opening statement, counsel for Bercut Richards Packing Company stated that evidence would be presented to show that prior to the accident his client did not service Coffin-Redington Company's vehicles in the sense of oil changes, grease

jobs, 5,000-mile checkups and 10,000-mile checkups; and that whenever Coffin-Redington Company had a complaint about their truck they would merely bring it in and have it fixed. "In other words, if the brakes didn't function properly" the agent of Coffin-Redington Company "would instruct the driver to take it in and have it fixed."

There is substantial evidence in the record showing that the Coffin-Redington Company did not have any system for inspecting or maintaining the brakes other than taking vehicles to Bercut Richards Packing Company's service station for repairs; that the Coffin-Redington Company actually had no formal understanding with the Bercut Richards Packing Company as to preventative maintenance; that had anyone inspected the master brake cylinder on the Dodge truck prior to the accident he could have ascertained that there had been a partial separation of the piston push rods from the piston push rod end; and that such separation was the cause of the total brake failure on the Dodge truck.

In his summation to the jury, respondent's counsel argued that the employer, Coffin-Redington Company, should have required systematic inspections. On the other hand, appellant's counsel argued that there was no law which required periodic inspections of trucks and vehicles at any specified time and that the appellant Coffin-Redington Company exercised reasonable care in the maintenance and upkeep of their trucks. Recognizing that this issue was properly before the court, although only voluntarily so, the trial court instructed the jury as to the provisions of Vehicle Code, section 670, subd. (a) 1 (now §§ 26300 and 26450) and section 670.05, subds. (a) and (d) (now §§ 26453 and 26454), having to do with brake equipment requirements upon vehicles, and also gave the following instruction:

"If you find that the defendant Larry Ingrim was free from negligence and innocent of any wrong doing in operating said truck involved in this collision, and if you further find that at the time of the collision, the brakes on the truck being driven by him were defective and for that reason were not adequate to control its movement and to stop and hold it at the time of its collision with the automobile of plaintiff, and if you further find that such defective brakes was [sic] a proximate cause of said collision, then I instruct you that a presumption arises that the defendant Coffin-Redington Company, as owner of the truck, was negligent. . . . to overcome the presumption of negligence, the evidence must support a find-

ing that Coffin-Redington Company did what might be reasonably expected of a person who desired to comply with the law, acting under similar circumstances.''

The instruction quoted above was directly followed by a reading of various sections of the Vehicle Code, which in turn was followed by a reading of B.A.J.I. Instruction 149 as revised. It is clear from the context that the instruction quoted above was directly concerned with the negligence of appellant, Coffin-Redington Company, through improper maintenance. The quoted instruction correctly states the law. (*Merry* v. *Knudsen Creamery Co.,* 94 Cal.App.2d 715 [211 P.2d 905].) No objection was made to these instructions.

Thus it appears that appellant, Coffin-Redington Company, voluntarily litigated the issue of negligently failing to properly inspect, repair and maintain the brakes on its truck. Such being the case, appellant is now estopped from raising the fact that the issue was not pleaded or embraced within the pretrial conference order.  ''Where the parties voluntarily litigate an issue before the trial court they are estopped from raising the objection on appeal that the issue was not tendered by the pleadings.'' (*Fischer* v. *Ostby,* 127 Cal.App.2d 528, 530 [274 P.2d 221] ; see also *Abner Doble Co.* v. *Keystone etc. Co.,* 145 Cal. 490 [78 P. 1050] ; *Johns* v. *Coleman,* 176 Cal.App. 2d 778, 784 [1 Cal.Rptr. 784].)

Further, the record shows that following the accident the defective brake parts were kept in the office of Coffin-Redington Company's attorney, Mr. McGregor, and were inspected there by a brake expert, who testified at the trial. Therefore, it may not be said that appellant Coffin-Redington Company was taken by surprise or actually misled. The record also shows that there were no serious objections to any of the issues concerning appellant's negligent failure to inspect, repair and properly maintain the brakes on its Dodge truck.

Nor may it be said that the trial court did not have the right to try the issue because it was neither pleaded nor embraced within the pretrial order.  In *Atkins* v. *Atkins,* 177 Cal.App.2d 207 [2 Cal.Rptr. 104], this court held that it is not intended that the pretrial order should do away with the power of the trial court to permit amendments to conform to proof, and justice sometimes requires the effect of a pretrial order be not so restricted even when the order is not modified.

We see no logical reason why this rule should not apply to the facts of the instant case. Certainly, if the trial court can permit amendments to conform to the proof, there is no

logical reason which would prevent the trial court from hearing an issue which is voluntarily litigated by all the parties even if the issue has not been pleaded, and it does not appear in the pretrial order.

While it appears from a reading of the transcript on appeal that all the parties were concentrating their efforts upon the issue of Ingrim's negligent operation and the improper installation or repair of the brakes by Bercut Richards Packing Company, the question of appellant's negligent failure to maintain the brakes was also an issue. The jury obviously found against the appellant Coffin-Redington Company upon the latter issue. The evidence amply supports the judgment.

The judgment is affirmed.

Van Dyke, P. J., and Peek, J., concurred.