[Civ. No. 25959.   Second Dist., Div. Two.   Sept. 13, 1962.]

ANN BLOCKSIDGE, Plaintiff and Respondent, v. BROAD-
WAY SIXTH COMPANY, INC., et al., Defendants and
Appellants.

Max Fink and Hyman O. Danoff for Defendants and Appellants.

Most & Davis and Jack D. Most for Plaintiff and Respondent.

HERNDON, J.—This is an appeal from a judgment entered against defendants and for plaintiff as the assignee for collection of two real estate brokers who are the real parties in interest. The action as tried was one seeking to recover the balance due from defendants under separate, but identical, written agreements entered into between defendants and the two brokers.

The agreements were in the form of letters and were prepared by defendants' attorney. The first two, dated January 14, 1958, are identical except as to the name of the broker. After describing the parties, the property involved, and certain analyses and surveys thereof that had been made by the brokers, they provide as follows:

"The undersigned desires to retain you to assist in the leasing of space in said building, if title is conveyed to the undersigned pursuant to said bid. The undersigned shall pay to you or your personal representative the sum of $40,000, if, as and when title is vested in us or our nominee, as an irrevocable advance against any leasing commissions which you may earn on leases of space in the Story Building procured by you and accepted by us during the period ending December 31, 1960, and *in consideration of your services in the analyses and surveys aforesaid.* You shall be entitled to retain said sum *irrespective of the consummation of any leases through your efforts, and your death or disability prior to the expiration of said period shall not entitle us to any refund.*

"*You acknowledge that you have no claims with reference to the Story Building of any character against the undersigned, or their successors, for any acts or occurrences to the date hereof,* and if for any reason, title to said building is not vested in us, we shall have no obligation to you under this agreement or otherwise with reference to the Story Building.

"Please sign below to evidence your acceptance of this agreement." (Emphasis added.)

In each instance the documents were signed by defendants and the respective broker to whom they were addressed. In identical letter forms bearing the date of March 4, 1958, each broker was advised concerning the prior agreements of January 14, 1958, as follows:

"Said transaction has now been consummated and we acknowledge that there is now due and owing to you under said agreement the sum of FORTY THOUSAND DOLLARS ($40,000.00). Concurrently herewith, we are paying to you on account thereof the sum of TWENTY-FIVE THOUSAND DOLLARS ($25,000.00) and desire to confirm our understanding and agreement with you that pursuant to our request and for our convenience, the payment of the balance of said sum, namely, FIFTEEN THOUSAND DOLLARS ($15,000.00) shall be deferred until September 15, 1958, or the sale or conveyance of said property by the undersigned, whichever shall first occur." These documents again are signed by the defendants and by the respective brokers.

In their opening brief appellants discuss various general propositions concerning the law of agency and the necessity for proof of performance before recovery may be had upon a contract. However, they make no specific assignment of error

upon which they would justify a reversal of the trial court's judgment. We must therefore assume that in a vague and general way they are contending that the findings of fact made by the trial court are unsupported by the evidence.

The defense urged in the trial court was failure of consideration and failure to perform, and, by way of cross-complaint, appellants sought a return of the $25,000 initially paid each broker. Findings of fact Nos. 3, 8 and 12 found in substance that the brokers *did* assist defendants in the leasing of space; *did* deliver the analyses and surveys referred to in the agreements; *did waive* any claims they may have had in reference to the building as provided for in the agreements. The court below further expressly found that the brokers continued to perform services thereunder until by express direction of defendants they were advised no longer to assist them, and that defendants at no time ever protested the adequacy of the brokers' services or ever sought a return of the monies paid; in fact, they admitted at all times that the balances were due and owing.

Since the defendants did not choose to attend the trial, and since the only evidence before the court consisted of the contracts and the uncontradicted testimony of the brokers, it is inconceivable that the court could have reached any other determination. The brokers testified: (1) that they had brought to defendants' attention the possibility of purchasing this property, which was then an asset in a probate proceeding, and had prepared the analyses and surveys of the occupancy and the operation of the building with the expectation that they would be employed as the brokers in any sale thereof; (2) that contrary to their expectations, defendants employed other brokers but voluntarily came to them with the agreements of January 14, 1958; (3) that these agreements and those of March 4, 1958, were prepared by defendants' attorneys; (4) that they extended their best efforts to assist defendants in the leasing of the property and also counseled defendants regarding financing arrangements for improvements and methods of improving the operation of the building, until June 1958, when defendants advised the brokers that they were sorry but that the leasing had been given to another firm on an exclusive basis and that this firm did not want anyone else working on the leases; and (5) that thereafter defendants never complained about the agreements or the brokers' compliance therewith, but requested various

delays in making the agreed payment due to financial commitments.

When there is substantial evidence or any reasonable inferences to be drawn from the evidence to support a trial court's findings, appellate courts will not make determinations of factual issues contrary to those made by the trier of the facts. (*Collins Radio Co.* v. *Gothard Mfg. Co.,* 179 Cal.App.2d 39, 43 [3 Cal.Rptr. 388] ; *Smith* v. *Bull,* 50 Cal.2d 294, 306 [325 P.2d 463].) On appeal all intendments must be indulged in favor of the trial court's findings. (*Sand* v. *Concrete Service Co.,* 176 Cal.App.2d 169, 174 [1 Cal.Rptr. 257].) In the instant case, there is no question but that plaintiff's evidence was more than sufficient; and there was no evidence to contradict it. As the trial judge very reasonably commented at the close of the case in returning his decision : ''As a matter of fact, from all the evidence I am surprised that any defense was made to the lawsuit, and I am not surprised that the important witnesses for the defendants or the defendants themselves were not brought in.''

As nearly as we can derive from the briefs and the record, the sole contention of defendants was that the services of the brokers were not worth what defendants had agreed to pay therefor. Actually there were several considerations set forth in the contract and the law ordinarily does not require a weighing of the quantum of benefit received by a promisor or of the detriment suffered by a promisee in determining whether sufficient consideration exists to support a contract where such consideration is plainly substantial. (Civ. Code, § 1605; *Taylor* v. *Taylor,* 66 Cal.App.2d 390, 398 [152 P.2d 480].)

If there was any question as to what services the brokers were to perform under the agreements, defendants offered no evidence whatsoever tending to prove that the brokers failed to perform in any respect. It is a familiar rule that if a contract is ambiguous, the construction given to it by the acts and conduct of the parties with knowledge of its terms and before any controversy has arisen as to its meaning, is entitled to great weight, and will, when reasonable, be adopted and enforced by the court. (*Universal Sales Corp.* v. *California etc. Mfg. Co.,* 20 Cal.2d 751, 761-762 [128 P.2d 665].) The fact that at no time prior to the filing of this suit did defendants ever object to the performance of the brokers, and the further fact that they constantly agreed that the balances remaining under the contracts were due and

owing and would be paid, clearly resolve any issue as to whether the services demanded under the contract were actually rendered.

The judgment is affirmed.

Fox, P. J., and Ashburn, J., concurred.

A petition for a rehearing was denied October 11, 1962, and appellants' petition for a hearing by the Supreme Court was denied November 7, 1962.