450

[Civ. No. 26205.   Second Dist., Div. Four.   Nov. 9, 1962.]

TEXACO, INC., Plaintiff and Respondent, v. MARCIA
ROBINSON, as Administratrix, etc., Defendant and Appellant.

Burton Marks for Defendant and Appellant.

Romer & Brown and Vester G. Brady for Plaintiff and Respondent.

BURKE, P. J.—This is an action brought by plaintiff against the defendant as administratrix of the estate of William Robinson, deceased, for merchandise sold decedent, a claim having been presented to the estate and denied. The matter proceeded to trial before a court sitting without a jury and judgment was rendered in favor of the plaintiff in the

sum of $3,250 plus costs from which judgment defendant appeals.

The complaint alleged that the sum of $3,250 was owed to plaintiff by William Robinson for merchandise sold to Robinson and for rent of the service station at 3130 West Pico Boulevard, Los Angeles. In their joint pretrial statement the parties stipulated that at the date of his death Robinson was the owner and operator of a filling station business at the above address and for some time prior to his death had been buying merchandise and leasing the premises on a monthly rental basis from plaintiff. The sole issue to be determined at the trial was the amount owed to plaintiff by decedent.

At the trial plaintiff introduced evidence through one of its accountants that merchandise had been sold to a William Robinson at 551 West Jefferson Boulevard, Los Angeles, and at the address mentioned in the complaint. The amount of merchandise supplied Robinson at the address shown in the complaint aggregated $1,535. Plaintiff produced two exhibits showing the accounts of William Robinson; Exhibit 1 covering the station at 551 West Jefferson Boulevard, and Exhibit 2 covering a station operated by William Robinson at 3130 West Pico Boulevard. There was a notation on plaintiff's Exhibit 1 to the effect that William Robinson of 551 West Jefferson Boulevard had moved to 3130 West *Jefferson* Boulevard. The witness testified that although he did not know William Robinson personally that the accounts referred to the same person and that when William Robinson moved his location from the West Jefferson Boulevard address to the West Pico address they transferred the balance due and owing from him from the former address to the new address.

At the conclusion of the trial plaintiff asked permission to amend its complaint to conform to proof and to insert the words "and 551 West Jefferson Boulevard" at designated places in the complaint so as to indicate that the amount owed was for merchandise furnished to the decedent at both addresses. This motion was granted and judgment for plaintiff was entered against defendant in the total sum of $3,250 with costs.

On appeal defendant asserts that the amount of the judgment should have been only for $1,535 which represented the amount of merchandise shown to have been furnished to defendant at the address mentioned in the complaint and carried forward in the joint pretrial statement and order. Defendant argues that even if the complaint were amended to

conform to proof the evidence did not sustain the allegations of the amended complaint.

Certainly the evidence adduced was sufficient to establish a prima facie case. The court observed at the conclusion of the trial that it was obvious there had been a mistake in the notation and that the reference should have been to a West Pico Boulevard address instead of a West Jefferson address. The court noted that the street numbers were identical. Defendant did not see fit to introduce any evidence to establish that the William Robinson at 551 West Jefferson was not in fact the decedent.

It is true that the pretrial order supersedes the pleadings where inconsistent with them. (*Aero Bolt & Screw Co.* v. *Iaia,* 180 Cal.App.2d 728, 743 [5 Cal.Rptr. 53].) However, as was said in the case of *Atkins* v. *Atkins,* 177 Cal.App. 2d 207, 211 [2 Cal.Rptr. 104], "We do not believe that it was intended that the pretrial order should do away with the power of the trial court to permit amendments to conform to the proof. Justice may sometimes require that the effect of a pretrial order be not so restrictive even when the order is not modified."

As disclosed by the record in this case there is substantial evidence to support the trial court's findings. Judgment for the plaintiff is affirmed.

Jefferson, J., and Ford, J.,* concurred.

*Assigned by Chairman of Judicial Council.