[Civ. No. 29755.   Second Dist., Div. Four.   Mar. 20, 1967.]

ELVA I. FRASCA et al., Plaintiffs and Appellants, v. VIOLA C. WARNER, Defendant and Respondent.

Richard Rathbun and James R. Ross for Plaintiffs and Appellants.

Gary W. Sawtelle for Defendant and Respondent.

FOX, J.*—This action grows out of an automobile accident. Verdict and judgment went for defendant. Plaintiffs have appealed.

The basic question on this appeal is whether the court prejudicially erred in admitting evidence as to the manner in which the accident occurred that was outside defendant's pretrial statement as to how it occurred.

The accident occurred in the late afternoon of May 22, 1961, on Vanowen Street, 195 feet east of the intersection of

*Retired Presiding Justice of the Court of Appeal sitting under assignment by the Chairman of the Judicial Council.

Vanowen Street and Van Alden Avenue in Reseda. Plaintiff, Elva I. Frasca, was eastbound in the southerly traffic lane which was unmarked.[1] Defendant was traveling in the same direction. A rear end collision occurred.

In the joint pretrial statement defendant did not state the portion of the highway on which she was traveling, merely that she was "eastbound on Vanowen Street." In her separate pretrial statement defendant stated, under the heading Factual Issues Remaining in Dispute: "(a) *The manner in which the accident occurred*: Defendants[*] contend that defendant Viola C. Warner was driving her vehicle in an easterly direction behind the vehicle operated by plaintiff Elva Frasca; that after both vehicles crossed the intersection of Vanowen and Van Alden, and at a point about 195 feet past the intersection, said plaintiff, without proper or adequate warning or signal suddenly brought her vehicle to a stop to avoid colliding with a third vehicle which was attempting to back into a parking space at the curb; that said defendant applied her brakes and swerved her vehicle to the left, but was unable to avoid a collision, and the right front of defendant's vehicle struck the left rear of plaintiff's vehicle a glancing blow."

Under the heading Legal Issues Remaining in Dispute, defendant stated: "(a) Negligence of defendant Viola Warner. (b) Negligence of plaintiff Elva Frasca."

In order to evaluate the problem at hand it is important to have a precise statement of the testimony of the operators of the two cars as to how the accident occurred. Plaintiff testified that she was traveling east on Vanowen and stopped at its intersection with Van Alden because the traffic light was red. She "was in the lane nearest to the parked cars."[2] There were no cars immediately behind her while she was waiting for the green light. She checked on that by looking in her rear-view mirror two or three times while waiting for the light to change. But there was a line of three cars to plaintiff's left. During this period plaintiff looked ahead and observed some distance away that the driver of a car was "trying to back into a parking place" but was having some difficulty "so he pulled out again to back in for the second time." As she went through the intersection plaintiff ob-

---

[1]There was, however, a center line separating east and west traffic.

[*]Defendants other than Viola C. Warner were dismissed at trial.

[2]This lane is referred to as the inside lane and the one nearest the center line as the outside lane though not separated by any line.

served "There was quite a lot of traffic" on her left and that she "could not get in the other lane," so she "proceeded very slowly"—about ten miles per hour—"anticipating that by the time I got to the person parking that he would park and I could proceed on." She applied her brakes a couple of times to break her speed a little as "I noticed he wasn't getting into the parking place as fast as I thought he would." She did not know how close she was to the parking car when defendant's car hit her car "from behind." She said that the defendant's car pushed her car forward and the right front fender of her car hit the left front fender of the parking car (driven by a Mr. Cain) which "was pointed in a northerly direction." After the impact of plaintiff's car with the Cain car, the former was "alongside" of the latter—"a little to the back," according to Mr. Cain.

A police officer for the City of Los Angeles testified that Vanowen Street was 60 feet wide with a white line in the center; that the highway for both east and west travel was 30 feet. The officer was at the scene soon after the accident and placed the point of impact between plaintiff's and defendant's cars at 23 feet north of the south curb of Vanowen Street. He based his opinion as to the point of impact on the skid marks of the defendant's car, and the presence of debris and glass from both cars.

Plaintiff's testimony was that at the time of the impact she was driving in the lane (unmarked) next to the parked cars, and that no part of her car was in the lane to her left. She was asked this question on cross-examination: "Did you swerve your car to the left just before the accident? A. Absolutely not."

Defendant testified that she stopped for the red light signal at the intersection of Vanowen and Van Alden in the lane next to the center line. She traveled in this same lane at a speed of 20 to 25 miles per hour until, as a result of her son's outcry, she observed plaintiff's car about a car's length away. Defendant slammed on her brakes and turned her wheels slightly to the left. She did not, however, cross over the center line of the roadway. Defendant's front right fender came in contact with plaintiff's rear left fender. It was a glancing blow. We then have these questions and answers:

"Q. Will you state at the moment of this collision whether or not any part of Mrs. Frasca's [plaintiff] vehicle was occupying the lane or a portion of it that your car was in? A. I would say yes.

"Q. And at the moment of the collision can you tell us in what direction Mrs. Frasca's vehicle was pointed? A. Northeast.

"Q. And at the moment of the collision in what direction was your vehicle pointed? A. East, slightly north."

Mrs. Frasca's car was suddenly in front of defendant going very slow. "Plaintiff gave no signal" but she did not make a sudden stop.

After defendant rested, plaintiff made ''ˤ motion that the fact of the northeast direction of this automobile, any other matters in relation to any type of lane change or attempted lane change by defendant be stricken from the record as not in conformity with the written interrogatories and with the pretrial factual contentions of defendant.''[3] Plaintiffs also moved for a directed verdict, or at least, that the court instruct the jury that contributory negligence was not an issue. Plaintiffs' motions were denied.

Reduced to its simplest terms, it is plaintiffs' position that, in view of defendant's pretrial statement as to the factual issues remaining in dispute, defendant could only establish contributory negligence on the part of plaintiff by evidence that, "while driving in the southerly traffic lane, she [plaintiff] did in fact suddenly stop without sufficient reason or signal when defendant was behind her."

It is important that we bear in mind the precise factual issue defendant stated remained in dispute: It is stated in this language: *"The Manner in Which the Accident Occurred."* (Underscoring in the record.) Then follows a statement of what "Defendants contend" the evidence would show as to the manner in which the accident occurred. It appears that in some details defendant was in error. But it does identify the accident, its location, the parties involved; the fact a third party was attempting to park his car, that this interrupted plaintiff's forward progress, that defendant, in an effort to avoid hitting plaintiff's car applied her brakes and swerved her car to the left but was unable to prevent the right front of her vehicle hitting the left rear of plaintiff's vehicle a glancing blow. This leaves some uncertainty as to the lane of traffic (unmarked) in which defendant was traveling, and what plaintiff did when she found her forward progress interrupted by the car that was backing into the parking space. As to the lane in which defendant was traveling, it is true her counsel stated in the first and second lines of defend-

---

[3]No objection was made to this testimony at the time it was offered.

ant's pretrial statement that she "was driving her vehicle in an easterly direction behind the vehicle operated by plaintiff Elva Frasca;" after the semicolon the statement deals with operations of both vehicles after they crossed the intersection of Vanowen and Van Alden and no mention is made as to the traffic lane in which defendant was traveling. This circumstance has some significance since, in the joint pretrial statement under paragraph "M"—"Direction of and lanes vehicles were traveling in," we find this statement: "Defendants'—East bound on VanOwen Street." There is no designation of the lane in which defendant was driving. At best, this created an uncertainty which was properly the subject of oral testimony. Plaintiff testified that she looked in her rearview mirror two or three times while she was waiting for the traffic light to turn green, and there was no car immediately behind her. Defendant testified that she stopped for the change of the traffic light in the lane nearest to the center line which would be to the left of plaintiff. Defendant also testified that, after crossing the intersection, she continued in that lane until the accident with plaintiff's car. Since it was established that defendant was driving in the lane nearest the center line, and, according to plaintiff's testimony, defendant hit her car "from behind," it becomes relevant to determine the movement and location of plaintiff's car after her forward progress had been interrupted in her lane of travel by Cain backing his car into a parking space.

Thus, the testimony that, at the moment of the collision, plaintiff's car was occupying "the lane or a portion of it" in which defendant's car was located, and that plaintiff's car was pointed in a northeast direction, and that the impact of the cars was 23 feet north of the south line of Vanowen Street (which placed it at least in part in defendant's lane of travel) was important and relevant in determining the movements of plaintiff's car and *the manner in which the accident occurred.*

In denying plaintiff's motion to strike the testimony relative to the "northeast" direction of plaintiff's car, and "any other matters in relation to any type of lane change or attempted lane change," as not in conformity with the pretrial factual contentions of defendant, the court made these pertinent observations:

"THE COURT: Well, gentlemen, I cannot buy the argument that the trial court is put in a straitjacket by the pretrial

statement and its hands are tied, cannot instruct on issues that the evidence clearly demonstrates exist.

"Now, we say that the pretrial is designed to achieve justice and the truth, and yet, if that is true, then putting the trial court in a straitjacket is going to obstruct justice and the truth rather than to achieve it."

The philosophy underlying the trial court's rulings on the matters at bench is in harmony with the principles announced by the federal courts which have had extensive experience in dealing with pretrial orders and statements. (*Century Refining Co.* v. *Hall*, 316 F.2d 15; *Clark* v. *Pennsylvania R.R. Co.*, 328 F.2d 591.) In *Century Refining Co.* v. *Hall* (pp. 19-20) the court stated: "But, while the pre-trial order should measure the dimensions of a lawsuit and govern its course in the absence of some good reason for departure, this does not mean that the order should not be liberally construed to embrace all of the legal and factual theories inherent in the issues defined therein. Any other construction of the pre-trial order would tend to unduly constrict the trial of the case and defeat the central and salutary purpose of the Federal Rules of Civil Procedure to insure the trial of every lawsuit on its merits. . . . and not to defeat it on a technicality." In *Clark* the court stated at page 594: ". . . it is a fundamental principle of pre-trial that this procedure be flexible, with power reserved to the trial judge to amend the order or permit a departure from strict adherence to the pre-trial statement of either party, when the interests of justice make such a course desirable." The decisions of our own courts are not contrary to these principles. In *Atkins* v. *Atkins,* 177 Cal.App.2d 207 [2 Cal.Rptr. 104], the court stated: "We do not believe that it was intended that the pretrial order should do away with the power of the trial court to permit amendments to conform to the proof. Justice may sometimes require that the effect of a pretrial order be not so restrictive even when the order is not modified." (P. 211.) This statement was quoted in *Rocky Mountain Export Co.* v. *Colquitt,* 179 Cal.App.2d 204, 206 [3 Cal.Rptr. 512]; *Vesci* v. *Ingrim,* 190 Cal.App.2d 419, 424 [11 Cal.Rptr. 830], and *Texaco, Inc.* v. *Robinson,* 209 Cal.App.2d 450, 452 [25 Cal.Rptr. 923]. In *Mays* v. *Disneyland, Inc.,* 213 Cal.App.2d 297 [28 Cal.Rptr. 689], the court commented: "The purpose of pretrial is to expedite the proceedings and to facilitate the correct determination of the issues." (P. 300.)

To have granted plaintiff's motion to strike the evidence in

question would have left the jury with an incomplete picture of how the accident occurred. This would not have served to facilitate "the correct determination of the issues," (*Mays* v. *Disneyland, Inc., supra*) and would not have been in the interest of justice. The trial judge acted well within his discretion in making the rulings here challenged.

Following the denial of plaintiffs' motions to strike or to advise the jury that contributory negligence was not an issue, and for a directed verdict plaintiffs asserted surprise[4] by reason of the court's rulings and made a motion to reopen their case. The motion was granted. Plaintiffs then called Mr. Cain, the operator of the car that was in the process of being parked. He did not recall having seen either of the cars before the accident.

In view of our conclusions it is unnecessary to discuss other points that counsel have debated.

The judgment is affirmed.

Jefferson, Acting P. J., and Kingsley, J., concurred.

A petition for a rehearing was denied April 6, 1967, and appellants' petition for a hearing by the Supreme Court was denied May 17, 1967.

---

[4]Plaintiffs' counsel reasonably could have expected that an effort would be made (and might succeed) to show that plaintiffs' car was at least partially in the lane of traffic north of the one where she had been driving because "the police report had been examined" by them and it indicated the impact was within the traffic lane nearest the center line.